No. 86,334
No. 86,387
No. 86,525

VICTORIA ACOSTA, *Plaintiff/Appellee, Claimant/Cross-appellant*, v. NATIONAL BEEF PACKING COMPANY, L.P., a/k/a FARMLAND NATIONAL BEEF PACKING COMPANY, L.P., *Defendant/Appellant, Respondent/Cross-appellee,* and WAUSAU UNDERWRITERS INSURANCE COMPANY, *Defendant/Appellant, Cross-appellee.*

(44 P.3d 330)

Opinion filed April 19, 2002.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, argued the cause and was on the briefs for Wausau Underwriters Insurance Company.

*Stephen M. Kerwick*, of Foulston & Siefkin, L.L.P., of Wichita, argued the cause, and *David J. Rebein*, and *D. Shane Bangerter*, of the same firm, were on the briefs for National Beef Packing Company.

*Randall E. Fisher*, of Newton, argued the cause, and *Diane F. Barger*, of Wichita, was with him on the brief for Victoria Acosta.

The opinion of the court was delivered by

DAVIS, J.: National Beef Packing Company (NBP) and Wausau Underwriters Insurance Company (Wausau) appeal from a $57,936.72 summary judgment in favor of the plaintiff, Victoria Acosta. That amount represents that portion of a final workers compensation award determined to be due and owing to plaintiff. NBP and Wausau argue there is no basis for the summary judgment since the Workers Compensation Board (Board) determined that its previous award of $57,936.72 was void ab initio. We affirm.

The material facts are not in dispute and arise out of a workers compensation proceeding and a civil proceeding to enforce a workers compensation award. The workers compensation proceeding was originally a part of this case; however, the claimant voluntarily dismissed her appeal in that proceeding. The details of the workers compensation proceeding are important in addressing the issues raised in the civil proceeding to enforce the workers compensation award. The record on appeal consists of both proceedings.

Workers Compensation Proceedings

The claimant sought employment with NBP in January 1994. On her employment application, she gave her name as Victoria Acosta and provided a valid social security number for the same name. In spite of her production of a social security number, she answered "yes" to the following question on the application: "Are you prevented from lawfully becoming employed in this country because of VISA or immigration status?" On her I-9 form which she filled out to send to the Immigration and Naturalization Service, she certified that she was a citizen of the United States. The claimant was hired and began working on January 31, 1994.

On September 8, 1995, the claimant was injured during the course of her employment. She filed a workers compensation action and was terminated for "unexcused absences" on the same day that her claim reached her employer. On March 19, 1998, the claim of Acosta was considered and determined before the Division of Workers Compensation. Both claimant and the respondent were represented by counsel. All matters relative to the claim were resolved in an award to claimant. In findings of fact, Assistant Director Brad E. Avery noted:

"Respondent argues that claimant lied on her job application regarding her previous employment and that should mitigate claimant's ability to be compensated for her injury. However, although the claimant did misrepresent that she had previously been employed (when in fact she had not), there is not evidence before the court that her lie had a material bearing on her injury or her percentage of disability. For that reason, her job application has no bearing on the court's decision."

The respondent appealed the award of $42,846.61, the amount of temporary partial disability compensation and permanent partial disability compensation due as of March 18, 1998, and the award of $57,153.39, the remaining balance to be paid at $326 per week or until further order of the director. In its appeal, the respondent claimed that claimant "has not proven that she is entitled to receive permanent partial general disability compensation in excess of her functional impairment."

On February 2, 1999, the entire matter was heard before the Board. The issues identified by the Board were as follows:

"This is a claim for a September 8, 1995 accident. After finding that respondent terminated claimant either because of her injuries or because she filed a workers compensation claim, the Assistant Director found that claimant was entitled to a 78.5 percent permanent partial general disability.

"Respondent and its insurance carrier contend the Assistant Director erred. First, they contend that claimant was fired because she violated the company's attendance policy rather than because of her injuries or workers' compensation claim. Second, if the Appeals Board finds that claimant is entitled to a permanent partial general disability that exceeds the functional impairment rating, the respondent and insurance carrier contend that claimant has failed to make a good faith effort to find appropriate employment and, therefore, claimant has failed to prove any wage loss for purposes of the permanent partial general disability formula."

In its decision the Board noted that because of the average weekly wage stipulation, "the only issue on this appeal is the nature and extent of claimant's injury and disability." After a comprehensive analysis of claimant's disability, the Board determined that

"[a]s of January 31, 1999, .43 weeks of temporary total and 177.29 weeks of permanent partial general disability compensation, both totaling 57,936.72, are due and owing, less any amounts previously paid. The remaining balance of $20,671.66 is ordered paid for 63.41 weeks at the rate of $326 per week until fully paid or further order of the Director."

Neither the respondent nor the claimant appealed from the Board's decision.

On February 4, 1999, in an attempt to comply with the provisions of K.S.A. 44-512 (a), a workers compensation statute whose purpose it is to aid workers in enforcing payment of past due awards, the claimant sent a demand to NBP for payment of that

part of the award due, $57,936.72. There is no dispute that claimant complied with the statutory provisions of K.S.A. 44-512(a) and that respondent failed to make payment within 20 days of the demand under K.S.A. 44-512(b).

On February 22, 1999, NBP and Wausau filed an application for review and modification of the final workers compensation award pursuant to K.S.A. 44-528. Along with review and modification, NBP and Wausau filed their motion to stay payment in which they acknowledge that their right to appeal said order will expire March 5, 1999. No appeal was thereafter taken. NBP, joined by its workers compensation insurance carrier, Wausau, filed a motion to vacate the award pursuant to K.S.A. 44-528 because they did not know the true identity of the individual purporting to be Victoria Acosta and they have not been able to appropriately defend the case as to medical history, work history, and lawful employment status of that individual because of the identity problem, which included a motion for discovery.

A hearing was held on the NBP and Wausau motions on April 22, 1999. In an order dated April 28, 1999, the administrative law judge (ALJ) found she did not have jurisdiction under K.S.A. 44-528 to vacate the award and refused to stay the payments but did compel the appearance of the claimant for a deposition. NBP, Wausau, and the claimant appealed to the Board.

On November 9, 1999, the Board addressed the appeal by the parties from the decision of the ALJ *inter alia* that she had no jurisdiction to vacate the final award of $57,936.72. Citing K.S.A. 44-528(d), the Board stated that review and modification under K.S.A. 44-528 specifically limits the effective date for modifications due to a change in either the functional impairment or work disability but is otherwise silent. Thus, according to the Board "[i]mpliedly, the stautute[44-520,review and modification] does not limit the effective date of the changes due to fraud or serious misconduct." Relying upon the above interpretation together with "a general power to set aside judgments obtained by fraud," the Board concluded there was "a preliminary showing of fraud or serious misconduct which may render the initial award of benefits void." Thus, for these reasons among others, the Board stayed pay-

ment of the $57,936.72 and remanded the case to the ALJ to address the remaining issues.

Upon remand, the ALJ made a finding of serious misconduct and fraud on the part of the claimant and further found pursuant to K.S.A. 44-528 that the respondent and its insurer were entitled to modification of the award entered by the Board order dated February 2, 1999: "Claimant's case is dismissed and the award entered is void ab initio." On appeal to the Board the decision of the ALJ was affirmed in part and reversed in part. The decision of the Board is contained in paragraph 7 of its conclusions of law:

"7. Because claimant refuses to testify regarding material and relevant facts, the award of benefits, which was obtained through either fraud or serious misconduct, should be set aside and voided *ab initio*. Claimant should not receive an award in this proceeding until such time as she is forthright and an award can be entered in a just amount based upon the facts."

## District Court Proceedings under K.S.A. 44-512a

While the second appeal of NBP and Wausau was pending before the Board, the claimant and plaintiff filed an action in the district court on August 18, 1999, to collect the past due compensation under the award pursuant to K.S.A. 44-512a(b). The statute provides that "[t]he employee may maintain an action in the district court of the county where the cause of action arose for the collection of such past due disability compensation and medical compensation, any civil penalties due under this section and reasonable attorney fees incurred in the connection with the action." K.S.A. 44-512a(b).

All parties to the action moved for summary judgment. At the time, the appeal was still pending before the Board on the question of whether there was authority under the Kansas Workers Compensation Act to declare the Board's previous award to Acosta void because of identity fraud. In response to motions for summary judgment, motions for stay, and related matters, the district court decided that it was not certain that it had jurisdiction to hear the pending motions because the underlying workers compensation case had not yet been decided. The court concluded that the fol-

lowing question must be determined by the appellate court before the court could act:

"Whether the parties to a workers compensation action may bring, and a district court has jurisdiction to hear, an action under K.S.A. 44-512a when, at the same time, a motion for review and modification, brought under K.S.A. 44-528, to modify the award upon which the K.S.A. 44-512a action is based is pending in the underlying workers compensation case?

"Until that issue is addressed, this Court is of the opinion that it does not have jurisdiction to hear the pending action and related motion.

"The rulings made by this Court herein are such that it certifies these rulings for interlocutory appeal pursuant to K.S.A. 60-2102(b) . . . ."

The Kansas Court of Appeals denied the motion for permission to take interlocutory appeal on June 20, 2000.

Thereafter, on September 22, 2000, after hearing arguments by counsel and after consideration of the authorities advanced by counsel and all pleadings filed, the district court determined:

"(1) Defendant Wausau Underwriter's Insurance Company's Motion to Dismiss with Prejudice is denied;

"(2) Defendant National Beef Packing, L. P.'s Motion for Summary Judgment is denied;

"(3) Plaintiff's (Claimant) Motion for Summary Judgment filed October 28, 1999, is sustained and Plaintiff is granted judgment against the defendants in the amount of $57,936.72.

"(4) Plaintiff's request for reasonable attorney's fees and for penalties against the defendants pursuant to K.S.A. 44-512a are denied."

NBP and Wausau each took separate appeals to the Court of Appeals from the order of the district court. The claimant had also appealed to the Court of Appeals from the decision of the Board. The cases were consolidated. However, after consolidation, the claimant voluntarily dismissed her appeal of the Board's decision, preferring instead to initiate further proceedings for review and modification under the Workers Compensation Act to obtain a new award now that she may legally work in the United States. This withdrawal and attempt to gain a new award does not make the case moot. There remains a district court summary judgment in favor of claimant in the amount of $57,936.72.

The claimant's voluntary dismissal of the appeal does have an effect on the issues raised in this proceeding. A large part of the

claimant's brief is taken up in an attempt to persuade the court that she did not actually commit fraud in the workers compensation proceeding. The claimant makes a strong case that the fact that she filed for benefits under a false name did not actually affect the proceedings. However, because the claimant dropped her appeal of the Board's decision and because no other party appealed from this order of the Board, this court is without jurisdiction to review this legal finding by the Board.

We are called upon to determine whether the district court erred by enforcing the initial award of $57,936.72 to the claimant. The answer to this question depends to some extent on the effect of the subsequent Board order declaring its initial award of $57,936.72 void ab initio. Thus, our resolution of the question posed in this appeal necessarily involves our consideration of the validity of the Board's order voiding its original award of $57,936.72 ab initio.

## Workers Compensation Appeals Board Authority

Claimant contends that the Board was without authority to declare her initial award void ab initio on the basis of fraud. Claimant argues that the Workers Compensation Act contains no statutory authority for such a declaration to be made by the Board either independently or as part of a K.S.A. 44-528 review and modification proceeding.

The appellants chose not to appeal from the claimant's original award. Instead, upon discovering she used a false name and social security number, they filed for a review and modification of the award pursuant to K.S.A. 44-528. The statute reads in pertinent part:

"(a) Any award or modification thereof agreed upon by the parties, except lump-sum settlements approved by the director or administrative law judge, whether the award provides for compensation in the future or whether it does not, may be reviewed by the administrative law judge for good cause shown upon the application of the employee, employer, dependent, insurance carrier or any other interested party. In connection with such review, the administrative law judge may appoint one or two health care providers to examine the employee and report to the administrative law judge. The administrative law judge shall hear all competent evidence offered and if the administrative law judge finds that the award

has been obtained by fraud or undue influence, that the award was made without authority or as a result of serious misconduct, that the award is excessive or inadequate or that the functional impairment or work disability of the employee has increased or diminished, the administrative law judge may modify such award, or reinstate a prior award, upon such terms as may be just, by increasing or diminishing the compensation subject to the limitations provided in the workers compensation act.

. . . .

"(d) Any modification of an award under this section on the basis that the functional impairment or work disability of the employee has increased or diminished shall be effective as of the date that the increase or diminishment actually occurred, except that in no event shall the effective date of any such modification be more than six months prior to the date the application was made for review and modification under this section."

We have held that the purpose of a review and modification hearing is to create a new award, and it should not be used as a means of attacking the validity of an award for payments already made. Instead, the workers compensation appeals procedure is the proper avenue for such a challenge. *Ferrell v. Day & Zimmerman, Inc.*, 223 Kan. 421, 423, 573 P.2d 1065 (1978). This court held in *Ferrell* that each payment of a compensation award becomes a final judgment as it comes due and that these judgments cannot later be modified or dissolved by judicial fiat. Rather, any modification of a workers compensation award in a review and modification proceeding must act prospectively from the time a new award is entered and not retrospectively. 223 Kan. at 423.

The claimant points to *Ferrell* for the proposition that while the ALJ and the Board may have had the power to diminish her rights to future compensation, they did not have the power to void her award ab initio and, therefore, she is entitled to the amount due prior to the ALJ's modification of the award. Initially the ALJ agreed with this position and held that she had no jurisdiction under K.S.A. 44-528 to declare the final award of the Board, one that had not been appealed by any party, void ab initio. However, after an appeal to the Board and a remand to the ALJ, the ALJ determined she had such authority.

The Board interpreted K.S.A. 44-528 to hold that the ALJ did have the power to declare the award void ab initio. Its justification

for this position was based upon its interpretation of K.S.A. 44-528(d), which was added to K.S.A. 44-528 (Ensley) in 1987. L. 1987, ch. 187, sec. 11. K.S.A. 44-528(d) allows a modification on the basis that the functional impairment or work disability of the employee has increased or diminished to be effective retrospectively as of the date the increase or diminishment occurred, although not more than 6 months prior to the date the application for review and modification was made. In what may be characterized as a major leap, the Board then reasoned that because K.S.A. 44-528(d) provided a limitation to the effective date for modifications due to a change of functional impairment or work disability, it impliedly did not limit the effective date of changes due to fraud or serious misconduct. The interpretation is contrary to the expressed language used by the legislature and the legislative intent of K.S.A. 44-529(d).

K.S.A. 44-528(d) was proposed as an exception to the general rule announced in *Ferrell*, and its intent was to grant limited retroactivity in cases regarding a change in condition in order to protect the worker. See Commentary on H.B. No. 2186 by Robert B. Wareheim, John M. Ostrowski, and Beth Regier Forester, Before the House Committee on Labor and Industry, February 9, 1987 (proposing the amendment which later became K.S.A. 44-528[d]). The amendment was not presented as a blanket overturning of the provisions of K.S.A. 44-528 relating to prospective modification and the rule expressed in *Ferrell*. Rather, the amendment granted only limited retroactivity to protect the worker. Had the legislature intended by this exception to allow a review and modification proceeding to have complete retroactivity, it would not have relied upon silence and implication but would have expressly provided for such an extreme departure. Legislative silence with regard to the effective date of changes due to fraud or serious misconduct should be construed to imply that the general rule regarding the prospective application of review and modification proceedings remains in effect rather than that the general rule is reversed in those instances.

K.S.A. 44-528 outlines the power of an ALJ when faced with a motion for review and modification based on fraud. K.S.A. 44-

528(a) authorizes the ALJ to modify the award or reinstate a prior award, upon such terms as may be just, *by increasing or diminishing the compensation.* The statute does not give the ALJ power to retrospectively declare the entire award void ab initio.

The appellants argue that if K.S.A. 44-528 does not provide the power to set aside the judgment, administrative tribunals have the inherent power to do so when an award has been obtained by fraud. In support of this contention, appellants cite 8 Larson's Workers Compensation Law, § 131.05[1][a]. Larson writes that a court may reopen a settlement procured by fraud, stating: "This remedy may be based on either specific provisions of the compensation act or upon the general power of courts to set aside judgments obtained by fraud." Larson then criticizes several Georgia cases which hold such settlements cannot be reopened by stating: "Surely it is a mockery of justice to admit that a legal system is powerless in the hands of any trickster who is clever enough to succeed in deceiving the court up to the point of obtaining a judgment." 8 Larson's Workers Compensation Law, § 131.05[1][a]. It should be noted, however, that while Larson urges the finding of an inherent right to reopen the award for fraud, he does not ascribe to the ALJ or the Board the power to declare an award void ab initio.

Further, notwithstanding Larson's opinion regarding the inherent power of courts to set aside judgments procured by fraud, the fact remains the ALJ and the Board are both administrative bodies. " 'Administrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes. There is no general or common law power that can be exercised by an administrative agency.' " *Legislative Coordinating Council v. Stanley,* 264 Kan. 690, 706, 957 P.2d 379 (1998). Further, the Workers Compensation Act is substantial, complete, and exclusive, covering every phase of the right to compensation and of the procedure for obtaining it. See *Jones v. Continental Can Co.,* 260 Kan. 547, 557, 920 P.2d 939 (1996).

As noted above, the Workers Compensation Act provides an explicit procedure which allows an ALJ, on a motion for review and modification, to modify an award for fraud by increasing or

diminishing the compensation. K.S.A. 44-528(a). Nothing in the statute allows the ALJ to declare the award void ab initio, and according to the general rule regarding review and modification, the modification operates only prospectively. See *Ferrell*, 223 Kan. at 423. Where there is a complete and legislated procedure, there is no room for the ALJ to invoke the "inherent power" of the tribunal to declare an award void ab initio for fraud.

It should be noted that the parties had the ability to challenge the award through direct appeal but did not avail themselves of this opportunity. Although there is no authority to void a final award ab initio, the provisions of K.S.A. 44-528 remain an important remedy for the employer. As we noted in *Ferrell*, a respondent or its insurance company can file a motion for review and modification at any time, regardless of whether it has evidence to support the motion, then let the motion lie while it attempts to gather evidence. 223 Kan. at 422. Moreover, K.S.A. 44-528(a) gives the ALJ the prospective power to modify an award by decreasing compensation to zero if necessary. Further, K.S.A. 44-5,120 establishes a procedure whereby the employer and its insurer may petition the Director of Workers Compensation to require the claimant to repay any amount the person received as benefits with interest, as well as a civil penalty. In the event the petition is unsuccessful, K.S.A. 44-5,121 allows the employer and its insurer, after exhaustion of administrative remedies under K.S.A. 44-5,120, to file a civil cause of action to recover the benefits paid.

We conclude that neither the ALJ nor the Board had the jurisdiction in a review and modification proceeding under K.S.A. 44-528 to vacate ab initio claimant's previous award of $57,936.72.

District Court Enforcement

The appellants contend that because the award had been declared void by the ALJ by the time the district court held a hearing on whether to judicially enforce the amounts due under the award, the trial court erred in enforcing the award. The claimant contends that because the award was valid at the time she filed a motion to enforce it, and because the ALJ and the Board had no authority to

declare the award void, the district court acted properly in enforcing the award.

K.S.A. 44-512a(a) provides that if compensation has been awarded under the Workers Compensation Act but not paid when due, a claimant may personally serve a written demand for payment on the employer or insurance carrier liable for payment. If payment is refused or is not made within 20 days, the employee may apply to the ALJ for a civil penalty. Further, under K.S.A. 44-512a(b), the claimant may maintain a civil action in the district court of the county where the cause arose for all past due compensation and any penalties. The right to an action under K.S.A. 44-512a occurs when an award becomes the final award of the Board. See *Harper v. Coffey Grain Co.*, 192 Kan. 462, 466, 388 P.2d 607 (1964). An appeal of the award to the appellate courts does not stay the operation of the statute. 192 Kan. at 467. See K.S.A. 44-556 (stating that an appeal of an award to the Court of Appeals does not stay the payment of compensation due).

K.S.A. 44-512a is remedial in character and was intended to supplement existing remedies provided in the Workers Compensation Act. Under its remedy, the employer has the choice of protecting his or her vested rights by merely complying with the terms and requirements of the award until it is set aside, modified, paid, or redeemed, or to permit the worker to invoke the statute. *Teague v. George*, 188 Kan. 809, 815, 365 P.2d 1087 (1961). Prior to its amendment in 1974, the statute provided that if the employer did not comply with the payment, the entire award then became due, even if the award was still on appeal. Under such circumstances, the K.S.A. 44-512a proceeding superseded the award. *Griffith v. State Highway Commission of Kansas*, 203 Kan. 672, Syl. ¶ 5, 456 P.2d 21 (1969). Thus, although the employer might have a valid cause for appeal, his or her failure to pay the award as it became due extinguished his appeal rights as timely payment was a prerequisite to the continuance of an appeal. *Griffith*, 203 Kan. at 679-80. We stated in *Griffith* it " 'is the declared public policy of the state that compensation awards shall be promptly paid, and [K.S.A. 44-512a] is the means selected by the Legislature to insure their

enforcement and applies to all awards and judgments without the slightest qualification.' "

In 1974, K.S.A. 44-512a (Weeks) was amended to remove the provision accelerating payments. L. 1974, ch. 203, sec. 20. Failure to pay within 20 days of the demand made all past due compensation payable and also allowed the claimant to seek a civil penalty. L. 1974, ch. 203, sec. 20. However, we still held that in the case of payments past due that were not paid within 20 days of demand, the K.S.A. 44-512a proceeding superseded the original award. *Kelly v. Phillips Petroleum Co.*, 222 Kan. 347, 357, 566 P.2d 10 (1977). Any party wishing to appeal to the appellate courts has to have made payments when due. See K.S.A. 44-556 (stating that a commencement of an action for review by the Court of Appeals does not stay the payment of compensation due).

In the case at hand, the Board awarded the claimant $57,936.72, due from the date of the accident. At that point, the claimant had a right to that sum. Appellants did not pay that sum and the claimant issued a demand letter pursuant to K.S.A. 44-512a. There is no dispute concerning the validity of the demand made. The 20 days provided for in the statute elapsed without payment from the appellants. Upon the elapse of that 20-day period, the past due amount payable to the plaintiff became immediately due and payable, and the claimant had the right to enforce this award in the district court. At that point, the K.S.A. 44-512a proceeding superseded the original award from the Board and made moot any proceedings with regard to that amount past due. As a result, the fact the award was later set aside on appeal and modification does not matter. The failure of the appellants to pay the amount due gave the claimant rights as to that amount from the expiration of the 20 days following the demand under K.S.A. 44-512a.

Appellants argue it would be unfair for the district court to enter judgment when it was clear the award was based on fraud. However, as to the amount on which the district court granted judgment, it no longer mattered that the original award was set aside. The failure of the appellants to pay made that amount a valid judgment of its own. As long as the award was not void ab initio, that is, as if it had never existed, the appellants were required to pay

compensation due. As stated above, neither the ALJ or the Board had the power to declare the award void ab initio.

Appellants also argue the district court erred in awarding judgment because the claimant failed to produce herself for a deposition. According to the appellants, the court should have dismissed the case pursuant to K.S.A. 60-237(d), which provides that where a party fails to appear at a deposition the court may makes such orders as are just, including dismissal of the action.

K.S.A. 44-512a is a workers compensation statute and it provides for an action in the district court for civil enforcement. The questions of whether K.S.A. 60-237(d) applies to such an action and, if so, whether the district court should have dismissed plaintiff's enforcement action for her failure to appear for a deposition, need not be resolved in the opinion of this court. The sole question to be considered in the enforcement action was whether the appellants had failed to pay amounts past due within 20 days of a proper demand pursuant to K.S.A. 44-512a.

The appellants in this matter failed to pay compensation due under a valid order of the Board. The claimant properly sent a demand letter pursuant to K.S.A. 44-512a. Payment of the past due amount was not made within 20 days of service. The claimant then obtained a valid judgment for the amount past due enforceable by the district court irrespective of the fact the award was later set aside.

Appellants argue that the enforcement of the award will encourage fraud. This is unlikely in light of the ability of the employer and insurer to reclaim amounts paid with interest and penalties under K.S.A. 44-5,120 and K.S.A. 44-5,121. Such fraud is subject to criminal penalties under K.S.A. 44-5,125. Enforcement of the award encourages the employer and insurer to actually pay the award when it becomes due in order to retain their rights, in accordance with the declared public policy of the State of Kansas. See *Griffith v. State Highway Commission of Kansas*, 203 Kan. at 678.

In summary, the claimant obtained a total award $78,608.38, of which $57,936.72 was due when the award became final, and the appellants were obliged to pay while seeking any future appeal or

review and modification. Appellants chose not to pay it and began proceedings to review and modify it. The claimant issued a demand letter as provided under K.S.A. 44-512a. Twenty days elapsed without payment by the appellants. The $57,936.72 then became a separate judgment which could no longer be affected by any modification or reversal of the original award. The only possible way in which the appellants could not be liable for the $57,936.72, once it became a separate judgment, is if the original award was found to be void ab initio. The ALJ and later the Board did find the original award to be void ab initio, but lacked the statutory authority to do so. The extent of the authority of the ALJ and the Board was to prospectively modify or set aside the award, and neither of these could affect the validity of the claimant's judgment of $57,936.72. As a result, the district court judge did not err in awarding judgment to the claimant for that amount.

Affirmed.