No. 111,417

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LESLIE FRANCIS NUESSEN, DECEASED,
*Appellant*,

v.

SUTHERLANDS

and

LUMBERMEN'S UNDERWRITING ALLIANCE,
*Appellees.*

SYLLABUS BY THE COURT

1.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained.

2.

Pursuant to K.S.A. 2014 Supp. 44-556(a), the appeal of a Workers Compensation Board decision is governed by the Kansas Judicial Review Act, K.S.A. 2014 Supp. 77-601 *et seq*.

3.

K.S.A. 77-616(a) provides that an agency or board may grant a stay during the pendency of the judicial review, unless a stay is otherwise precluded by law. Additionally, K.S.A. 77-616(b) provides that a party may request a stay while the case is under judicial review by filing a motion in the reviewing court.

4.

K.S.A. 2014 Supp. 44-556(b) provides that review by the Kansas Court of Appeals does not stay the payment of weekly workers compensation benefits due for the 10 weeks before the Workers Compensation Board decision and for the period of time the decision is being judicially reviewed.

5.

K.S.A. 2014 Supp. 44-556(b) does not automatically stay any action of the Workers Compensation Board. Rather, by its plain language, it prohibits the Board and the Kansas Court of Appeals from staying the payment of certain benefits pending review.

6.

K.S.A. 44-512a(a) imposes a penalty when a timely demand has been made by the employee/claimant and the employer or insurance carrier fails to timely pay the benefits due.

Appeal from Workers Compensation Board. Opinion filed June 12, 2015. Reversed and remanded with directions.

*Michael C. Helbert*, of Helbert & Allemang, of Emporia, for appellant.

*Michael P. Bandre*, of Hoffmeister, Doherty & Webb, LLC, of Overland Park, for appellees.

Before SCHROEDER, P.J., ATCHESON and BRUNS, JJ.

SCHROEDER, J.:  In this appeal, the heirs of Leslie Francis Nuessen (Nuessen) claim the Workers Compensation Board (the Board) erred in denying their demand for penalties and attorney fees pursuant to K.S.A. 44-512a(a) because Sutherlands and Lumbermen's Underwriting Alliance (Sutherlands) failed to pay the workers

2

compensation benefits ordered by the Board. In the alternative, they argue that Sutherlands failed to obtain a stay pursuant to K.S.A. 77-616 to stop the payment of those benefits pending an appeal to this court. We agree with Nuessen. Thus, we reverse and remand this matter to the Board to determine the amount of penalties due and owing, along with Nuessen's reasonable attorney fees, if any, pursuant to K.S.A. 44-512a(a) and (b).

FACTS

This case arises out of a claim for workers compensation benefits by the heirs of Nuessen who died at work at Sutherlands. The facts of the original claim were well summarized in the decision by another panel of this court in *Nuessen v. Sutherlands*, No. 110,233, 2014 WL 1612607 (Kan. App. 2014) (unpublished opinion). Those facts are not relevant to this decision, and we find no need to repeat them.

In the original workers compensation claim, the Board issued a final decision on June 28, 2013, affirming the administrative law judge's (ALJ) award. Three days after the Board's decision, Nuessen sent a demand for compensation on July 1, 2013, for the $25,000 lump-sum death benefit payment plus payment of Nuessen's medical and funeral expenses. Nuessen contended K.S.A. 2014 Supp. 44-556 does not provide for an automatic stay of benefits in death cases. In response, Sutherlands argued K.S.A. 2014 Supp. 44-556(b) stayed all payments pending the appeal to the Kansas Court of Appeals since there were no weekly benefits owed. Nuessen sent another demand for payment of the workers compensation benefits on August 12, 2013. On November 5, 2013, the ALJ issued a decision awarding penalties. Sutherlands appealed the decision to the Board.

The Board issued an order on February 24, 2014, vacating the penalties awarded by the ALJ for failing to pay the death benefits in a timely fashion while the case was on appeal. The Board found Nuessen was not entitled to receive penalties because the

3

demand for the $25,000 lump-sum death benefit payment plus payment of Nuessen's medical and funeral expenses was premature, and that K.S.A. 2014 Supp. 44-556(b) stayed payment of benefits due and owing while the decision was appealed. The record before us reflects Sutherlands did not request a stay pursuant to K.S.A. 77-616 of the Board's decision ordering the payment of death, medical, and funeral benefits. Nuessen timely appeals.

ANALYSIS

On appeal, Nuessen argues that the Board erred in finding that K.S.A. 2014 Supp. 44-556(b) stays the payment of benefits awarded in a death case. Further, K.S.A. 77-601 *et seq.* controls the issuances of a stay during the pendency of an appeal from an action of the Board. Specifically, Nuessen claims the Board erred when it vacated the ALJ's award for penalties by erroneously applying K.S.A. 2014 Supp. 44-556(b). In response, Sutherlands claims the Board correctly applied K.S.A. 2014 Supp. 44-556(b), finding the payment of Neussen's workers compensation benefits was automatically stayed pending its appeal to this court.

"When an appellant alleges the Board erroneously applied the law to undisputed facts, an appellate court has de novo review of the issue." *Craig v. Val Energy, Inc.*, 47 Kan. App. 2d 164, 166, 274 P.3d 650 (2012), *rev. denied* 297 Kan. 1244 (2013). Appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing "'[n]o significant deference'" to the agency or Board's interpretation or construction. *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, 457, 228 P.3d 403 (2010); see *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013) ("the doctrine of operative construction . . . has been abandoned, abrogated, disallowed, disapproved, ousted, overruled, and permanently relegated to the history books where it will never again affect the outcome of an appeal").

4

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Nationwide Mutual Ins. Co. v. Briggs*, 298 Kan. 873, 875, 317 P.3d 770 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *In re Tax Appeal of Burch*, 296 Kan. 713, 722, 294 P.3d 1155 (2013). Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Cady*, 298 Kan. at 739.

When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P.3d 1255 (2013). The courts must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation. *Milano's Inc. v. Kansas Dept. of Labor,* 296 Kan. 497, 501, 293 P.3d 707 (2013). Thus, courts may presume that when the legislature expressly includes specific items in a statutory list, it intends to exclude any items not expressly included in that list. *Cole v. Mayans*, 276 Kan. 866, 878, 80 P.3d 384 (2003).

A specific statute controls over a general statute. Likewise, a specific provision within a statute controls over a more general provision within the statute. *Sierra Club v. Moser*, 298 Kan. 22, 54, 310 P.3d 360 (2013) (citing *Ft. Hays St. Univ.*, 290 Kan. at 463).

The right to appeal a decision of the Board is statutorily controlled by K.S.A. 2014 Supp. 44-556, which provides:

"(a) Any action of the board pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a, and amendments thereto, *shall be subject to review in accordance with the Kansas judicial review act* by appeal directly to the court of appeals. Any party may appeal from a final order of the board by filing an appeal with the court of appeals within 30 days of the date of the final order. When an appeal has been filed pursuant to this section, an appellee may file a cross appeal within 20 days after the date upon which the appellee was served with notice of the appeal. Such review shall be upon questions of law.

"(b) Commencement of an action for review by the court of appeals shall not stay the payment of compensation due for the ten-week period next preceding the board's decision and for the period of time after the board's decision and prior to the decision of the court of appeals on review." (Emphasis added.)

Here, giving the common words their common meanings, it is clear the legislature intended Board appeals to be reviewed in accordance with the Kansas Judicial Review Act (KJRA), K.S.A. 2014 Supp. 77-601 *et seq*.; see K.S.A. 2014 Supp. 44-556(a). K.S.A. 77-616(a) states the Board may grant a stay during the pendency of the judicial review unless otherwise precluded by law. Additionally, K.S.A. 77-616(b) provides that a party may request a stay while the case is under judicial review by filing a motion in the reviewing court. Significantly, K.S.A. 77-616 does not provide for an automatic stay. Instead, it provides that a stay may be granted upon request of a party to the appeal.

Moreover, there is no mention of an automatic stay in K.S.A. 2014 Supp. 44-556(b). Nevertheless, Sutherlands argues K.S.A. 2014 Supp. 44-556(b) grants an automatic stay of all awards by the Board during the pendency of a judicial review action, except for the payment of compensation specifically set out in K.S.A. 2014 Supp. 44-556(b) due for the 10-week period next preceding the Board's decision and for the time

6

period of any appeal to the Kansas Court of Appeals. We do not, however, find this argument to be supported by the plain and unambiguous language of K.S.A. 2014 Supp. 44-556(b).

We pause to acknowledge, as Sutherlands argues, the Board has routinely interpreted K.S.A. 2014 Supp. 44-556(b) to contain an automatic stay provision for payment of benefits pending the appeal, except the weekly benefits therein provided. As previously stated, however, we are not bound by prior Board decisions and owe no deference. Clearly, the plain language of K.S.A. 2014 Supp. 44-556(a) makes all appeals from the Board subject to the KJRA. K.S.A. 2014 Supp. 77-601 *et seq*.

We believe it might be helpful to explain why K.S.A. 77-616 controls the procedure to obtain a stay of a decision of the Board by reviewing the legislative history of K.S.A. 2014 Supp. 44-556(b). K.S.A. 44-556(b) was modified in 1993 when the Workers Compensation Board was formed. When the legislature revises an existing law, the court presumes the legislature intended to change the law as it existed prior to the amendment. See *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 458, 264 P.3d 102 (2011). Courts generally presume the legislature acts with full knowledge of existing law. *In re Adoption of H.C.H.*, 297 Kan. 819, 831, 304 P.3d 1271 (2013).

Prior to the 1993 modifications, the statute read as follows:

> "(b) On any such review the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require. *No compensation shall be due or payable until the expiration of the time for commencing an action for review and then the payment of past due compensation awarded by the director shall not be payable if, within such time a petition for review, has been filed in accordance with the act for judicial review and civil enforcement of agency actions.* Except as otherwise provided by this section, the right of review shall include the right to make no payments of such compensation until the review has been decided by the district

7

court if the employer is insured for workers compensation liability with an insurance company authorized to do business in this state, if the employer is maintaining membership in a qualified group-funded workers compensation pool under K.S.A. 44-581 through 44-591 and amendments thereto, if the employer is maintaining membership in a group-funded pool under the Kansas municipal group-funded pool act which includes workers compensation and employers' liability under the workers compensation act, or if the employer is currently approved by the director as a self-insurer and has filed a bond with the district court in accordance with K.S.A. 44-530 and amendments thereto. *Commencement of an action for review shall not stay the payment of compensation due for the ten-week period next preceding the director's decision and for the period of time after the director's decision and prior to the decision of the district court on review.*" (Emphasis added.)

As such, as the pre-1993 version of the statute did provide for an automatic stay of payment of workers compensation benefits—except specific weekly benefits therein described—if a petition for review was filed within the time allowed for appeal. Thus, in accordance with the pre-1993 version of the statute, any demand filed within 30 days from service of the order was ineffectual as a predicate for a K.S.A. 44-512a action. See *Hallmark v. Dalton Construction Co*., 206 Kan. 159, 161-62, 476 P.2d 221 (1970); *Stout v. Stixon Petroleum*, 17 Kan. App. 2d 195, 201, 836 P.2d 1185 (1992).

Because the language prior to the 1993 revision and the judicial interpretation of that revision very clearly provided an automatic stay for workers compensation benefits during the pendency of an appeal, it can be presumed that by deleting the language clearly stating "no compensation shall be due and payable," the legislature intended to remove the automatic stay for workers compensation benefits. Unfortunately, while there are numerous pre-1993 cases addressing a K.S.A. 2014 Supp. 44-556(b) stay, there are very few cases which address the statute after the 1993 modifications.

The Kansas Supreme Court, while addressing K.S.A. 44-512a in relation to the modification of workers compensation awards, held:

8

"The right to an action under K.S.A. 44-512a occurs when an award becomes the final award of the Board. See *Harper v. Coffey Grain Co.,* 192 Kan. 462, 466, 388 P.2d 607 (1964). An appeal of the award to the appellate courts does not stay the operation of the statute. 192 Kan. at 467, 388 P.2d 607. See K.S.A. 44-556 (stating that an appeal of an award to the Court of Appeals does not stay the payment of compensation due)." *Acosta v. National Beef Packing Co.,* 273 Kan. 385, 398, 44 P.3d 330 (2002).

Furthermore, the Kansas Supreme Court went on to state it

"'is the declared public policy of the state that compensation awards shall be promptly paid, and [K.S.A. 44-512a] is the means selected by the Legislature to insure their enforcement and applies to all awards and judgments without the slightest qualification.'" *Acosta,* 273 Kan. at 398-99.

This reference to K.S.A. 44-512a by our Supreme Court in *Acosta* supports our view K.S.A. 2014 Supp. 44-556(b) does not provide for an automatic stay of workers compensation benefits while judicial review is pending as the Board has previously found.

When the Board determined K.S.A. 2014 Supp. 44-556(b) provided an automatic stay of benefits pending an appeal, it also addressed the *Acosta* decision in its order vacating the penalties awarded to Nuessen pursuant to K.S.A. 44-512a. K.S.A. 44-512a(a) imposes a penalty when a timely demand has been made by the employee/claimant and the employer or insurance carrier fails to timely pay the benefits due. The Board found *Acosta* was distinguishable because it was not a death benefits claim and the workers compensation benefit was the amount due and payable during the 10 weeks prior to the Board's order. In contrast, in Nuessen's claim, "no benefits were due claimant's heirs in the ten-week period prior to the Board's order or thereafter."

The Board also relied on a previous Board decision, *Titterington v. Brooke Insurance*, Docket No. 270,414, 2004 WL 1058385, at \*2 (Kan. Work. Comp. App. Bd. April 30, 2004), which held the lump-sum death benefits were automatically stayed during the pendency of an appeal under K.S.A. 2014 Supp. 44-556. But there is simply no mention of an automatic stay in K.S.A. 2014 Supp. 44-556. Furthermore, based on the presumption the legislature intended to change the law when it modified the language of K.S.A. 44-556 in 1993, we conclude that K.S.A. 2014 Supp. 44-556 does not impose an automatic stay upon the filing of an appeal of the Board's decision. Rather, if Sutherlands desired to stay the Board's decision on appeal, it could have requested a stay order from either the Board or from this court pursuant to K.S.A. 77-616. However, it did not do so.

Next, we acknowledge the Board also found Nuessen's demand for payment of death benefits, including the payment of Nuessen's medical and funeral expenses, was premature because it was filed 3 days after the issuance of the Board's decision. The only case that addresses this issue after the 1993 changes to K.S.A. 44-556 is *Acosta,* which states: "The right to an action under K.S.A. 44-512a occurs when an award becomes the final award of the Board." *Acosta*, 273 Kan. at 398. Here, it is clear the Board's decision was final at the time Nuessen made his first demand and his second demand on August 12, 2013. The receipt of the demand put Sutherlands on notice that a request for penalties and attorney fees was possible. If Sutherlands wanted to stop the penalty clock from running, it could have sought a stay from either the Board or this court pursuant to K.S.A. 77-616(a) and (b).

We reverse and remand to the Board to determine the penalties owed and Nuessen's reasonable attorney fees, if any, under K.S.A. 44-512a(a) and (b).

Reversed and remanded with directions.