No. 120,905

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CATHY MELONIE AIKINS,
*Appellant*,

v.

GATES CORPORATION,

and

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,
*Appellees*.

SYLLABUS BY THE COURT

1.

Kansas courts give no deference to an administrative agency's interpretation of statutory language. Rather, the interpretation of a statute is a legal question over which courts' review is unlimited.

2.

The primary aim of statutory interpretation is to give effect to the legislature's intent, expressed through the plain language of the statute. If a statute is plain and unambiguous, courts will not speculate about the legislative intent behind that clear language. Courts do not add or ignore statutory requirements; they give ordinary words their ordinary meanings. Only when a statute's language is unclear or ambiguous does a court turn to canons of construction or legislative history to construe the legislature's intent.

3.

To ensure the timely payment of awards for workers' injuries, K.S.A. 44-512a provides an avenue for claimants to apply for a civil penalty when payments are overdue. When compensation has been awarded but not paid when due, a claimant may demand payment from the employer or the employer's insurance carrier. If the employer refuses to pay the award or fails to pay the award within 20 days of the claimant's demand, the claimant shall be entitled to a civil penalty.

4.

K.S.A. 44-512a does not allow a claimant to demand payment of a compensation award, or seek a penalty for nonpayment of an award, until payment has become due.

5.

The right to an action under K.S.A. 44-512a occurs when an award becomes the final award of the Workers Compensation Appeals Board. This structure allows the Board to conduct its review, and alter any award accordingly, before an employer's payment obligations begin.

6.

Under K.S.A. 2019 Supp. 44-551, there are three possibilities when an award could become payable: (1) If any party seeks review by the Workers Compensation Appeals Board, the Board must issue its decision within 30 days of when the parties submit arguments; payment becomes due when the Board issues its decision on the award. (2) If the Board does not issue its decision within 30 days of the parties' arguments to the Board, payments for any medical or disability compensation must begin on the 31st day after argument. (3) If no party seeks the Board's review of an ALJ's award, that award becomes due after the time for seeking review expires.

7.

There is no need for a stay of payment obligations during the Workers Compensation Appeals Board's review of an award under K.S.A. 2019 Supp. 44-551 because no payments are yet due.

Appeal from the Workers Compensation Appeals Board. Opinion filed February 28, 2020. Affirmed.

*William L. Phalen*, of Pittsburg, for appellant.

*Brian J. Fowler* and *Brent A. Jepson*, of Evans & Dixon, LLC, of Kansas City, Missouri, for appellees.

Before BUSER, P.J., SCHROEDER and WARNER, JJ.

WARNER, J.: The Kansas Workers Compensation Act provides an avenue for a worker to seek a penalty from an employer who fails to pay his or her compensation award. But Kansas law and logic dictate that such payments must be due before any penalty can be ordered. This case presents the question of when payment obligations for such awards arise.

Cathy Melonie Aikins demanded payment from her employer after an administrative law judge entered a compensation award in her favor but before that award was reviewed by the Workers Compensation Appeals Board. While the parties were submitting arguments to the Board, the ALJ ordered a penalty against Aikins' employer for failing to pay her claim. The Board later reversed the penalty, finding Aikins' payment demand and the ALJ's penalty order were premature because the employer was not required to pay the award until after the Board concluded its review. We affirm the Board's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Aikins was injured in a car accident while leaving work at the Gates Corporation in December 2014. The facts surrounding that accident and Aikins' injuries are discussed in detail in the appeal affirming the Board's reversal of Aikins' compensation award, *Aikins v. Gates Corp.*, No. 120,769, 2020 WL 499830 (Kan. App. 2020) (unpublished opinion). Those facts have limited relevance here. Rather, the circumstances giving rise to this appeal are procedural in nature, relating to the post-award proceedings Aikins initiated in pursuit of a penalty for nonpayment of her claim.

On May 1, 2018, an administrative law judge awarded Aikins compensation for injuries she sustained in the accident. One week later, on May 8, Aikins served Gates with a demand for compensation based on the ALJ's award. The next day, Gates sought review of the ALJ's ruling by the Board, claiming the ALJ erred in finding Aikins suffered a permanent disability in the accident.

On June 6, before the Board reviewed the underlying award, Aikins applied to the ALJ for penalties under K.S.A. 44-512a due to Gates' failure to pay the compensation she demanded. The ALJ held a hearing on Aikins' penalty request and ruled in her favor. In doing so, the ALJ relied on this court's interpretation of K.S.A. 2014 Supp. 44-556—a different statute—in *Nuessen v. Sutherlands*, 51 Kan. App. 2d 616, 352 P.3d 587 (2015), and *Gould v. Wright Tree Service Inc.*, No. 116,008, 2018 WL 1545789 (Kan. App. 2018) (unpublished opinion), where we concluded that there was no automatic stay of payments due on compensation awards during appeals from the Board to the Kansas Court of Appeals. Based on these decisions, the ALJ concluded Aikins was entitled to a penalty because Gates had not moved for, or obtained, a stay on the underlying award when it sought review by the Board.

Gates appealed the ALJ's imposition of the penalty to the Board, arguing Aikins' motion for penalties under K.S.A. 44-512a was untimely because compensation was not yet due under K.S.A. 2019 Supp. 44-551. Gates argued no payment would become due until Aikins received a decision from the Board affirming the award or until 30 days passed after the Board had heard the parties' oral argument.

The Board reversed the ALJ's award on her original claim, finding by a preponderance of the evidence that Aikins did not suffer a permanent injury from the accident. Less than a month later, the Board also reversed the ALJ's penalty ruling. In particular, the Board disagreed with the ALJ's extension of our analysis in *Nuessen* and *Gould* of K.S.A. 2014 Supp. 44-556—which concerns appeals from the Board to the Court of Appeals—to the Board's review process under K.S.A. 2019 Supp. 44-551. The Board found Aikins' penalty application to be premature and the resulting penalty erroneous because Gates had no duty to pay the award during the pendency of the Board's review. Aikins appeals.

DISCUSSION

To ensure the timely payment of awards for workers' injuries, K.S.A. 44-512a provides an avenue for claimants to apply for a civil penalty when payments are overdue:

> "*In the event any compensation*, including medical compensation, which has been awarded under the workers compensation act, *is not paid when due* to the person, firm or corporation entitled thereto, *the employee shall be entitled to a civil penalty*, . . . if: (1) Service of written demand for payment, setting forth with particularity the items of disability and medical compensation claimed to be unpaid and past due, has been made personally or by registered mail on the employer or insurance carrier liable for such compensation and its attorney of record; and (2) payment of such demand is thereafter refused or is not made within 20 days from the date of service of such demand." (Emphases added.) K.S.A. 44-512a(a).

5

Under this provision, when compensation has been awarded "but not paid when due," a claimant may demand payment from the employer or the employer's insurance carrier. *Acosta v. National Beef Packing Co.*, 273 Kan. 385, 398, 44 P.3d 330 (2002). If the employer refuses to pay the award or fails to pay the award within 20 days of the claimant's demand, the claimant "shall be entitled to a civil penalty." K.S.A. 44-512a(a).

The issue presented in this appeal is when payment of a workers-compensation award becomes due. This question involves the interplay of two statutory provisions: K.S.A. 44-512a and K.S.A. 2019 Supp. 44-551. Although the ALJ and the Board interpreted these two statutes differently and reached different conclusions on the ultimate question, Kansas courts give no deference to administrative agencies' interpretations of statutory language. See *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013) (no deference given to agencies' interpretations of their own regulations). Rather, the interpretation of a statute is a legal question over which our review is unlimited. *In re Tax Appeal of Southwestern Bell*, 59 Kan. App. 2d 644, 647, __ P.3d __, 2020 WL 398642, (120,167 filed January 24, 2020).

The primary aim of statutory interpretation is to give effect to the legislature's intent, expressed through the plain language of the statute. *State v. Spencer Gifts*, 304 Kan. 755, Syl. ¶ 2, 374 P.3d 680 (2016). If a statute is plain and unambiguous, we will not speculate about the legislative intent behind that clear language. We do not add or ignore statutory requirements, and we give ordinary words their ordinary meanings. See 304 Kan. 755, Syl. ¶ 3. Only when a statute's language is unclear or ambiguous does this court turn to canons of construction or legislative history to construe the legislature's intent. *Nauheim v. City of Topeka*, 309 Kan. 145, 149-50, 432 P.3d 647 (2019); see *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607-08, 214 P.3d 676 (2009).

K.S.A. 2019 Supp. 44-551, which generally concerns the qualifications and authority of administrative law judges, also sets forth the process for review of ALJs'

6

decisions by the Board. That statute concludes with the rule that "the decisions and awards of the board shall be final." K.S.A. 2019 Supp. 44-551(p). The Board's review process is broadly described in K.S.A. 2019 Supp. 44-551(l)(1), which states in relevant part:

> "All final orders, awards, modifications of awards, or preliminary awards under K.S.A. 44-534a, and amendments thereto, made by an administrative law judge shall be subject to review by the workers compensation appeals board upon written request of any interested party within 10 days. . . . Review by the board shall be a prerequisite to judicial review as provided for in K.S.A. 44-556, and amendments thereto. On any such review, the board shall have authority to grant or refuse compensation, or to increase or diminish any award of compensation or to remand any matter to the administrative law judge for further proceedings. *The orders of the board under this subsection shall be issued within 30 days from the date arguments were presented by the parties*." (Emphasis added.)

K.S.A. 2019 Supp. 44-551(l)(1) thus requires the Board to issue its orders on compensation awards within 30 days of the completion of the parties' arguments during review. K.S.A. 2019 Supp. 44-551(l)(2)(A) concerns the Board's review of preliminary awards—an issue not presented here—and similarly requires that "orders of the board under this subsection shall be issued within 30 days from the date arguments were presented by the parties."

Having established the timeframe for the Board's issuance of orders on review, K.S.A. 2019 Supp. 44-551(l)(2)(B) clarifies that payment of an award is not due until the close of this 30-day window:

> "If an order on review is not issued by the board within the applicable time period prescribed by subsection (l)(1) [that is, 30 days after the parties present their arguments to the Board], *medical compensation and any disability compensation* as provided in the award of the administrative law judge *shall be paid commencing with the*

7

*first day after such time period and shall continue to be paid until the order of the board is issued, except that no payments shall be made under this provision for any period before the first day after such time period.* Nothing in this section shall be construed to limit or restrict any other remedies available to any party to a claim under any other statute." (Emphases added.)

K.S.A. 2019 Supp. 44-551(l)(2)(C) then recognizes an exception to this payment due date for cases where compensability is not in question (for example, when the only question in dispute is the amount of the award, not whether an award is appropriate in the first place):

"In any case in which the final award of an administrative law judge is appealed to the board for review under this section and in which the compensability is not an issue to be decided on review by the board, medical compensation shall be payable in accordance with the award of the administrative law judge and shall not be stayed pending such review. The employee may proceed under K.S.A. 44-510k, and amendments thereto, and may have a hearing in accordance with that statute to enforce the provisions of this subsection."

In *Harper v. Coffey Grain Co.*, 192 Kan. 462, 466, 388 P.2d 607 (1964), the Kansas Supreme Court reviewed a previous version of this statute and concluded that "[u]ntil a workmen's compensation award becomes the final award of the workmen's compensation commissioner"—a role now held by the Board—"it is not due [to] the claimant." *Harper* thus held that a claimant could not make a demand for payment or seek a penalty under K.S.A. 44-512a until a review under K.S.A. 44-551 concluded. 192 Kan. at 466. The court later relied on this conclusion in *Acosta*, when it observed that "[t]he right to an action under K.S.A. 44-512a occurs when an award becomes the final award of the Board." 273 Kan. at 398.

Although K.S.A. 44-551 has been amended in the 56 years since *Harper*, its provisions continue to reflect that payments on awards become due after the Board's review. K.S.A. 2019 Supp. 44-551(l)(1) states that an ALJ's final orders and awards

8

"shall be subject to review by the workers compensation appeals board" if any interested party timely requests the Board's review. The statute empowers the Board to significantly change the award—or deny the award altogether, as it did in this case. See K.S.A. 2019 Supp. 44-551(l)(1) ("the board shall have authority to grant or refuse compensation, or to increase or diminish any award of compensation"). Only after the Board's review does the award become "final" under K.S.A. 2019 Supp. 44-551(p).

This structure thus allows the Board to conduct its review, and alter any award accordingly, before an employer's payment obligations begin. Under K.S.A. 2019 Supp. 44-551, there are three possibilities when an award could become payable:

- If any party seeks review by the Board, the Board must issue its decision within 30 days of when the parties submit arguments. K.S.A. 2019 Supp. 44-551(l)(1). Payment becomes due when the Board issues its decision on the award.

- If the Board does not issue its decision within 30 days of the parties' arguments to the Board, payments for any medical or disability compensation must begin on "the first day after such time period"—namely, the 31st day after argument. K.S.A. 2019 Supp. 44-551(l)(2)(B).

- If no party seeks the Board's review of an ALJ's award, that award becomes due after the 10-day timeframe for seeking review expires. K.S.A. 2019 Supp. 44-551(l)(1).

Despite this statutory language and Kansas Supreme Court caselaw, Aikins argues that two recent decisions of this court—*Nuessen* and *Gould*—indicate that in order to avoid a penalty for nonpayment of an award, an employer must apply for and obtain a stay of execution. She correctly points out that Gates neither sought nor was granted a stay of the award in this case while its review was pending before the Board. But this

9

argument is wide of the mark because *Nuessen* and *Gould* involved a statute and process that only come into play after payment obligations have accrued.

*Nuessen* and *Gould* both considered whether an appeal from the Board to the Court of Appeals under K.S.A. 2014 Supp. 44-556 and the Kansas Judicial Review Act effected an automatic stay of any payments due. Both decisions concluded K.S.A. 2014 Supp. 44-556 did not include any automatic stay. *Nuessen*, 51 Kan. App. 2d 616, Syl. ¶ 5; *Gould*, 2018 WL 1545789, at *5. Thus, in order to avoid any payment obligations or penalties during the course of an appeal to this court, an employer must seek a stay from the ALJ, the Board, or the appellate court.

Importantly, however, the legal question presented in *Nuessen* and *Gould* only arose *after* the Board had issued its decision under the K.S.A. 2019 Supp. 44-551 review process. That is, *Nuessen* and *Gould* considered what happens *after* the event that triggers the payment obligation. But no payment is due while the Board conducts its review under K.S.A. 2019 Supp. 44-551. Thus, in contrast to the situations in *Nuessen* and *Gould*, and contrary to Aikins' arguments here, there is no need for a stay of payment obligations during the Board's review of an award under K.S.A. 2019 Supp. 44-551 because no payments are yet due.

Aikins also cites K.S.A. 2019 Supp. 44-551(l)(2)(C), which states that payment of some awards "shall not be stayed" pending the Board's review. She argues that the legislature's inclusion of this language indicates other payments *could* be stayed— meaning some payment obligation must exist before the Board issues its decision. This argument is misplaced, however, because it ignores the purpose of K.S.A. 2019 Supp. 44-551(l)(2)(C). The legislature understood the possibility of a stay in contexts when compensability was not at issue. In such instances—not present in this case—no one disputes an employer's payment obligation. It does not follow that a stay is necessary in

all other contexts under K.S.A. 2019 Supp. 44-551. Indeed, the statutory language and Kansas caselaw point to the opposite conclusion.

Here, Aikins demanded payment from Gates one week after the ALJ issued its compensation award. The 10-day timeframe for Gates to seek the Board's review had not expired. The ALJ held a hearing on Aikins' penalty request before she filed her brief with the Board regarding the original compensation award—an award the Board ultimately reversed. The 30-day clock in K.S.A. 2019 Supp. 44-551 had not begun to run. And the ALJ granted Aikins' penalty before the Board issued its decision. In short, no payment was yet due.

K.S.A. 44-512a(a) does not allow a claimant to demand payment of a compensation award, or seek a penalty for nonpayment of an award, until payment has become due. Under the plain language of K.S.A. 2019 Supp. 44-551, no payment is due on an award until 30 days after the Board has received the parties' arguments (or after the Board renders its decision, whichever is earlier). Because Aikins' original award was not yet due under K.S.A. 2019 Supp. 44-551 when she demanded payment, the Board correctly found her application for penalties was premature. The ALJ erred in entering a penalty in this case; the Board's decision reversing that penalty is affirmed.

Affirmed.