No. 46,687

Jasper C. Page, *Appellee*, v. General Motors Corporation, *Appellant*.

(504 P. 2d 153)

Opinion filed December 9, 1972.

*Phil M. Cartmell, Jr.*, of Gage, Tucker, Hodges, Kreamer, Kelly and Varner, of Kansas City, Missouri, argued the cause and *Thomas Van Cleave*, of Mc-Anany, Van Cleave and Phillips, of Kansas City, was with him on the brief for the appellant.

*Samuel J. Wells*, of Kansas City, argued the cause, and *Robert V. Wells*, of Kansas City, was with him on the brief for the appellee.

*Per Curiam:* This is an appeal by the respondent from a judgment of the district court of Wyandotte County granting a lump sum redemption of a workmen's compensation award in an action brought pursuant to K. S. A. 44-512a.

On June 30, 1970, the workmen's compensation examiner entered an award in favor of claimant for weekly benefits and incurred medical and hospital expenses in the total sum of $1006.50, to be paid upon proper presentation of medical statement. On October 15, 1970, the director affirmed the award as to the medical and hospital expenses and made some modification, not material in this case, of the other provisions of the award. On October 20, 1970, the respondent filed a notice of appeal from the director's decision to the district court.

Respondent made all of the weekly payments required by the award, and in its answer admitted that written demand was made for payment of all amounts due under the award and that it had refused to pay any of the medical and hospital expenses. Respondent alleged full compliance with the provisions of K. S. A. 1971 Supp. 44-556 in its answer.

The district court found that by reason of respondent's failure

to reimburse claimant for the medical expenses included in the director's decision, within the twenty-day period under K. S. A. 44-512a, the entire amount of the award was accelerated and entered a judgment in favor of claimant for the full amount of the award.

The sole question before us is whether payment of the medical expenses, which were incurred more than ten-weeks prior to the director's decision, was stayed by respondent's perfection of an appeal to the district court. The answer is found in the pertinent proviso of K. S. A. 1971 Supp. 44-556 which reads:

". . . *Provided, however,* That the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal: . . ."

Under 44-556 an employer's appeal from the workmen's compensation director's decision awarding an injured workman compensation, including weekly payments and medical expenses, stays payment for all compensation except the weekly payments due for, and the medical expenses incurred during, the ten-week period next preceding the director's decision, and a period of time after the director's decision and prior to the decision of the district court in such appeal. An award for medical expenses is, of course, an award of compensation under many decisions of this court, but since the medical expense award here was not made for the non-stay period set out in the proviso to 44-556; it follows that the payment thereof was stayed by respondent's appeal and thus nonpayment thereof cannot serve as a basis for a lump sum redemption action under 44-512a.

The judgment is reversed.

FATZER, C. J., dissenting.

OWSLEY, J., concurs in the result.