NOT DESIGNATED FOR PUBLICATION

No. 116,008

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT TAYLOR GOULD,
*Appellee*,

v.

WRIGHT TREE SERVICE INC.
and
ZURICH AMERICAN INSURANCE,
*Appellants*.

MEMORANDUM OPINION

Appeal from the Workers Compensation Board. Opinion filed March 30, 2018. Affirmed.

*P. Kelly Donley*, *Dallas L. Rakestraw*, and *Travis L. Cook*, of McDonald Tinker PA, of Wichita, for appellants.

*John G. O'Connor*, of Robb, Taylor & O'Connor, of Kansas City, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: The Workers Compensation Appeals Board (Board) awarded Robert Taylor Gould $106,886.98 in medical expenses and $11,250.83 in permanent partial disability after he sustained an injury while working. Wright Tree Service, Inc. and Zurich American Ins. Co. (Wright) appealed the award. While the award was on appeal, Gould requested penalties for Wright's failure to pay the awarded compensation. Wright requested a stay from the Board and the Court of Appeals, but both requests were denied. Wright also requested approval of a supersedeas bond from the Board. The Board

held it did not have the authority to approve a supersedeas bond and awarded Gould penalties for Wright's failure to pay. Wright appeals.

On September 3, 2013, while Gould was employed by Wright, he sustained injuries when he lit a cigarette after spilling gasoline on his shirt. On February 10, 2014, Gould filed an application for a hearing seeking workers compensation benefits. The Administrative Law Judge (ALJ) denied Gould's request for compensation. On August 28, 2015, the Board reversed the ALJ's order. The Board awarded Gould payment of medical expenses related to the accident which were incurred prior to the hearing. The Board also awarded Gould 16.43 weeks of permanent partial disability at the rate of $299.12 per week, followed by 12.62 weeks at the rate of $502.07 per week, resulting in a total permanent partial disability award of $11,250.83 due as of August 25, 2015.

On September 22, 2015, Wright filed a petition for judicial review of the Board's August 28, 2015 order. Two weeks later, Gould served Wright with a demand under K.S.A. 44-512a for immediate payment of all compensation, including the $11,250.83 in permanent partial disability and $106,886.98 in medical expenses. On October 15, 2015, after receiving Gould's demand for payment, Wright filed a motion for stay of the Board's August 28, 2015 order as allegedly provided for in K.S.A. 77-616.

On November 8, 2015, Gould filed an application for penalties under K.S.A. 44-512a, arguing Wright had failed to timely pay the compensation awarded in the Board's August 28, 2015 order.

On December 14, 2015, the Board denied Wright's request for a stay, finding Wright had failed to show it was likely to prevail on appeal or that it would suffer irreparable injury if relief was not granted. Wright filed a motion for review of the Board's decision with the Court of Appeals. The court summarily denied the motion without explanation of its decision on January 5, 2016.

On January 21, 2016, Wright filed a motion with the Division of Workers Compensation asking for approval of a supersedeas bond under K.S.A. 44-530, K.S.A. 2016 Supp. 60-2103(d), and/or K.S.A. 2016 Supp. 60-262(d). Wright included proof that it had obtained a supersedeas bond from Travelers Casualty and Surety Company of America.

On February 22, 2016, the ALJ denied Wright's request for a supersedeas bond, finding it did not have jurisdiction to enter a stay or approve a supersedeas bond. The ALJ also awarded Gould $1,500 in penalties for Wright's failure to pay permanent partial disability benefits, and $10,688.69 in penalties for failure to pay medical expenses.

Wright appealed the ALJ's February 22, 2016 order to the Board, arguing the ALJ and the Board have the authority to approve a supersedeas bond and Gould was not entitled to penalties because K.S.A. 2016 Supp. 44-556 provided an automatic stay of the Board's award. Wright also filed a motion for approval of a bond with the Board.

On March 29, 2016, the Board denied Wright's request for approval of a supersedeas bond, finding it lacked jurisdiction to approve a supersedeas bond. In May 2016, the Board held K.S.A. 2016 Supp. 44-556 does not provide an automatic stay, and it affirmed the ALJ's award of penalties. It also affirmed its denial of Wright's supersedeas bond. Around the same time, the Court of Appeals upheld the Board's August 28, 2015 award. *Gould v. Wright Tree Service, Inc.*, No. 144,482, 2016 WL 2811983 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1317 (2017). Wright appeals the Board's decision finding it did not have authority to approve a supersedeas bond and affirming the ALJ's award of penalties.

Wright first argues the Board erred in awarding penalties after finding that K.S.A. 2016 Supp. 44-556 did not automatically stay payment of compensation pending appeal.

It relies on *Page v. General Motors Corp.*, 210 Kan. 699, 504 P.2d 153 (1972), which held that K.S.A. 1971 Supp. 44-556 automatically stays payment of medical expenses pending appeal. Wright acknowledges that a more recent Court of Appeals case, *Nuessen v. Sutherlands*, 51 Kan. App. 2d 616, 352 P.3d 587 (2015), found that K.S.A. 2014 Supp. 44-556 does not provide an automatic stay. It contends, however, that *Nuessen* was incorrectly decided, and *Page* is still controlling, as it is a Kansas Supreme Court case.

K.S.A. 2016 Supp. 44-556(a) directs that final orders of the Board are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.*, as amended. The standard of review will vary depending upon the issue raised. See K.S.A. 2016 Supp. 77-621. As for questions involving the interpretation or construction of a statue, appellate courts have unlimited review, owing no deference to the Board's interpretation or construction. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013); *Le v. Armour Eckrich Meats*, 52 Kan. App. 2d 189, 193, 364 P.3d 571 (2015).

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Hoesli*, 303 Kan. at 362. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Ullery*, 304 Kan. at 409.

4

The statute at issue is K.S.A. 2016 Supp. 44-556, which states in relevant part:

"(a) Any action of the board pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a, and amendments thereto, shall be subject to review in accordance with the Kansas judicial review act by appeal directly to the court of appeals. Any party may appeal from a final order of the board by filing an appeal with the court of appeals within 30 days of the date of the final order. When an appeal has been filed pursuant to this section, an appellee may file a cross appeal within 20 days after the date upon which the appellee was served with notice of the appeal. Such review shall be upon questions of law.

"(b) Commencement of an action for review by the court of appeals shall not stay the payment of compensation due for the ten-week period next preceding the board's decision and for the period of time after the board's decision and prior to the decision of the court of appeals on review."

Gould's medical expenses were incurred in September, 2013. This was more than ten weeks before the Board's decision in August 2015, so his medical expenses do not fall with the nonstay period in K.S.A. 2016 Supp. 44-556(b). Similarly, his permanent partial disability would have started on the date of his accident. See K.S.A. 2016 Supp. 44-510e(a)(3) (providing presumption that disability exists immediately after injury). Because he was awarded a total of 29.05 weeks of permanent partial disability, this benefit was also due before the start of the nonstay period in K.S.A. 2016 Supp. 44-556(b). Because Wright has not paid these benefits and it was not granted a stay, Wright is liable for penalties under K.S.A. 44-512a for failure to pay compensation when due unless K.S.A. 2016 Supp. 44-556 establishes an automatic stay.

Recently, the *Nuessen* court held that K.S.A. 2014 Supp. 44-556 does not provide an automatic stay. The *Nuessen* court reasoned the legislature intended for Board appeals to be reviewed in accordance with the KJRA. The KJRA does not provide for an automatic stay but rather gives the Board the discretion to grant a stay upon request unless otherwise precluded by law. K.S.A. 77-616(a). The court also pointed out that the

5

text of K.S.A. 2014 Supp. 44-556 does not mention an automatic stay. 51 Kan. App. 2d at 620. Looking at the plain language of the statute and giving common words their ordinary meaning, the court thus concluded that there is not an automatic stay under K.S.A. 2014 Supp. 44-556.

The *Nuessen* court found further support in *Acosta v. National Beef Packing Co.*, 273 Kan. 385, 44 P.3d 330 (2002). In *Acosta*, the Kansas Supreme Court held:

> "The right to an action under K.S.A. 44-512a occurs when an award becomes the final award of the Board. See *Harper v. Coffey Grain Co.*, 192 Kan. 462, 466, 388 P.2d 607 (1964). An appeal of the award to the appellate courts does not stay the operation of the statute. 192 Kan. at 467, 388 P.2d 607. See K.S.A. 44-556 (stating that an appeal of an award to the Court of Appeals does not stay the payment of compensation due)." 273 Kan. at 398.

The *Nuessen* court concluded this reference to K.S.A. 44-512a supported its holding that K.S.A. 2014 Supp. 44-556 does not provide an automatic stay. 51 Kan. App. 2d at 622.

Wright argues *Nuessen* is in direct conflict with the prior Kansas Supreme Court decision, *Page*. The *Page* court held that an employer's appeal of a workers compensation award stays payment for all compensation under K.S.A. 1971 Supp. 44-556. The only exceptions are weekly payments due for, and the medical expenses incurred during, the ten-week period preceding the Board's award and the time between the award and the decision on appeal. 210 Kan. at 700.

In reaching its conclusion, the *Page* court highlighted the following language in K.S.A. 1971 Supp. 44-556:

> ". . . Provided, however, That the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the

6

director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal: . . ."

Wright focuses on this quote, observing that similar language is found in the current version of K.S.A. 2016 Supp. 44-556(b). It contends that because there is similar language in both statutes, both statutes provide an automatic stay. As the Board noted in its decision, however, *Nuessen* and *Page* interpret different versions of K.S.A. 44-556.

The *Page* court was interpreting the version of K.S.A. 44-556 in effect in 1971. That statute provided, in relevant part:

"On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require. Such appeal shall be taken and perfected by the filing of a written notice of appeal with the director within twenty (20) days after the decision, finding, award or ruling appealed from shall have been made and filed by the director . . . Provided, That *no compensation shall be due or payable until the expiration of such twenty (20) day period and then the payment of past due compensation awarded by the director shall not be payable, if within such twenty (20) day period notice of appeal to the district court has been filed and the right to appeal shall include the right to make no payments of such compensation until the appeal has been decided* by the district court . . . Provided, however, That the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal: . . ." (Emphasis added.)

Looking at the highlighted language, the 1971 version of the statute expressly provided for an automatic stay of payment of workers compensation benefits if a timely petition for review was filed, with the exception of the nonstay period described in the statute. See *Nuessen*, 51 Kan. App. 2d at 621-22 (pre-1993 version of 44-556 provided automatic stay).

7

In 1993, however, the Legislature modified K.S.A. 44-556 when it formed the Board, and it removed the language establishing an automatic stay. *Nuessen*, 51 Kan. App. 2d at 621-22, L. 1993, ch. 286 § 58. When the Legislature revises an existing law, this court presumes that the legislature intended to change the law as it existed prior to the amendment. *Nuessen*, 51 Kan. App. 2d at 621. Courts generally presume that the Legislature acts with full knowledge about the statutory subject matter, including prior and existing law and judicial decisions interpreting the same. 51 Kan. App. 2d at 621. These rules of construction left the *Nuessen* court to conclude that "by deleting the language clearly stating 'no compensation shall be due and payable,' the legislature intended to remove the automatic stay for workers compensation benefits." 51 Kan. App. 2d at 622.

Regardless, Wright argues that *Page* is still controlling. It contends that the *Page* court relied only on the language establishing the nonstay period in reaching its decision, and that language is similar in both versions of the statute. Wright therefore reasons *Nuessen* was incorrectly decided, and the current version of K.S.A. 2016 Supp. 44-556 still provides an automatic stay.

As the Board also noted in its decision, however, courts do not focus on isolated language when construing statutes. Instead, courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony if possible. *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P.3d 1255 (2013). The Legislature clearly intended appeals of the Board's decisions to be reviewed in accordance with the KJRA. K.S.A. 2016 Supp. 44-556(a). The KJRA grants the Board the discretion to grant or deny stays. Thus, there cannot be an automatic stay under K.S.A. 2016 Supp. 44-556 as this would conflict with the provision granting the Board the discretion to grant or deny a stay. K.S.A. 77-616(a).

8

Wright argues, however, that *Nuessen*'s interpretation is actually inconsistent with other parts of the statute. It points to 2016 Supp. K.S.A. 44-556(g), which states:

"In any case in which any review is sought under this section and in which the compensability is not an issue to be decided on review, medical compensation shall be payable and shall not be stayed pending such review. The worker may proceed under K.S.A. 44-510k, and amendments thereto, and may have a hearing in accordance with that statute to enforce the provisions of this subsection."

Wright contends there is no reason to state that medical compensation is not stayed under certain conditions if medical benefits are not generally stayed under K.S.A. 2016 Supp. 44-556(b). Wright also asserts the nonstay period in K.S.A. 2016 Supp. 44-556(b) is also unnecessary "if compensation is not stayed *at all*, as *Nuessen* found."

Wright misconstrues the holding in *Nuessen*. The *Nuessen* court did not hold that compensation is not stayed *at all*. The court held compensation is not *automatically* stayed. Upon request, however, the Board may grant a stay at its discretion unless otherwise provided by law. K.S.A. 2016 Supp. 44-556(b) and (g) are examples of situations in which the Board may not grant a stay as provided by law. Thus, *Nuessen* is consistent with other parts of the statute.

*Nuessen* is persuasive. Based on its plain language, K.S.A. 2016 Supp. 44-556 does not provide an automatic stay for compensation due outside the nonstay period. The legislative history of the statute as well as reading the statute *in pari materia* further support this conclusion.

Next, Wright argues the Board erred in finding it did not have the power to approve a supersedeas bond. It contends K.S.A. 44-530, K.S.A. 2016 Supp. 60-262(d) and K.S.A. 2016 Supp. 60-2103(d)(1) grant the Board this authority. According to Wright, the Board misinterpreted these statutes in finding otherwise.

9

*K.S.A. 44-530*

First, we will address Wright's arguments regarding K.S.A. 44-530. K.S.A. 44-530 is found within the Workers Compensation Act (Act) and provides:

> "In any proceedings upon the application of a workman for judgment against workman's employer upon an award hereinbefore provided and before judgment has been granted, the employer may stay proceedings upon such application by filing with the clerk of the district court a bond *to be approved by the judge of the district court* undertaking to secure the payment of the compensation as in such award provided, or by filing with such clerk a certificate of a licensed or authorized insurance company or reciprocal or interinsurance exchange or association that the amount of compensation to the workman is insured by it." (Emphasis added).

Looking at its plain language, this statute gives the district court the authority to approve a supersedeas bond, not the ALJ or the Board. Wright does not point to any statute within the Act which expressly grants the ALJ or the Board the authority to approve supersedeas bonds. This is pertinent because, "[a]ny authority an [administrative] agency or board claims must be conferred in the authorizing statutes either expressly or by clear implication from the express powers granted." *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, Syl. ¶ 1, 228 P.3d 403 (2010). In the absence of an authorizing statute, the Board was correct to find it did not have the power to approve a supersedeas bond.

Wright argues that common sense requires this court to interpret this statute as allowing the Board to approve a supersedeas bond. As it argues, the Legislature likely failed to amend the language in K.S.A. 44-530 to replace "district court" with "Board" when it created the Board in 1993.

10

The rules of statutory construction, however, require us to look at the plain language of the statute. Because the statute is unambiguous, we do not speculate about the legislative intent behind the statute or read something into it that is not there. The statute clearly grants the power to approve supersedeas bonds to the district court. If the statute should grant this power to the Board, this is a question for the Legislature to address, not the courts.

In years past, the words of the British Parliament were practically supreme, even if they caused one to pause. As Lord Justice Holt said in *City of London v. Wood*, 12 Mod. Rep. 669 (1701): "An Act of Parliament can do no wrong, though it may do several things that look pretty odd."

Admittedly, interpreting K.S.A. 2016 Supp. 44-556 to authorize district courts to approve supersedeas bonds in workers compensation cases leads to a somewhat strange result, because district courts are generally no longer involved in workers compensation proceedings. Ordinarily, courts must construe statutes to avoid unreasonable or absurd results. *Milano's Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 501, 293 P.3d 707 (2013). This rule is not steadfast, however. See *Saylor v. Westar Energy, Inc.*, 292 Kan. 610, 618, 256 P.3d 828 (2011) (refusing to read into workers compensation statute a provision not found in its plain language in order to avoid absurd or illogical result). Here, there is no way to construe the statute as authorizing the Board to approve supersedeas bonds without reading something into it that is simply not there.

*K.S.A. 2016 Supp. 60-262(d) and K.S.A. 2016 Supp. 60-2103(d)(1)*

Next, we address Wright's arguments regarding K.S.A. 2016 Supp. 60-262(d) and K.S.A. 2016 Supp. 60-2103(d)(1), both of which are found in the rules of civil procedure. K.S.A. 2016 Supp. 60-262(d) provides, "If an appeal is taken, the appellant may obtain a

11

stay by supersedeas bond except in an action described in subsection (a)(1) or (a)(2). The bond may be given upon or after filing the notice of appeal. The stay takes effect when *the court approves the bond*." (Emphasis added.) K.S.A. 2016 Supp. 60-2103(d)(1) provides, "Whenever an appellant entitled thereto desires a stay on appeal, such appellant may *present to the district court for its approval* a supersedeas bond which shall have such surety or sureties as the court requires. . . ." (Emphasis added.)

As with K.S.A. 2016 Supp. 44-530, the plain language of K.S.A. 2016 Supp. 60-262(d) and K.S.A. 2016 Supp. 60-2103(d)(1) grants the district court the authority to approve supersedeas bonds. Nothing in either statute indicates the ALJ or the Board have the power to do so. Furthermore, the rules of civil procedure generally do not apply in workers compensation cases, because "[the] Act undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and [courts] must look to the procedure of the act for the methods of its administration." *Schmidtlien Electric, Inc. v. Greathouse*, 278 Kan. 810, 831, 104 P.3d 378 (2005) (quoting *Jones v. Continental Can Co.*, 260 Kan. 547, 557, 920 P.2d 939 [1996]).

Wright acknowledges that the rules of civil procedure generally do not apply in workers compensation cases but also argues that the rules may apply in some cases. It cites to two cases in support of his argument, *Huet-Vaughn, M.D. v. Board of Healing Arts*, 267 Kan. 144, 978 P.2d 896 (1999), and *DeBerry v. Kansas State Board of Accountancy*, No. 99,003, 2008 WL 5075234 (Kan. App. 2008) (unpublished opinion). In both cases, the appellate court found the appellant had acquiesced in the judgment when he or she paid an administrative fine, noting that the appellant could have pursued a supersedeas bond under K.S.A. 2016 Supp. 60-2103 to stay the judgment. *Huet-Vaughn*, 267 Kan. at 150; *DeBerry*, 2008 WL 5075234, at *8.

12

Neither *Huet-Vaughn* nor *DeBerry* help Wright's case. First, neither case involves workers compensation proceedings. Second, even if Wright could have stayed the workers compensation proceeding under K.S.A. 2016 Supp. 60-262(d) and K.S.A. 2016 Supp. 60-2103(d)(1), it did not attempt to do so. Those statutes authorize the district court to approve a supersedeas bond. Wright did not request approval from the district court; it requested approval from the ALJ and the Board.

Wright cites to another case to support his argument that the rules of civil procedure may apply in workers compensation cases, *Hernandez v. Tyson Fresh Meats, Inc.*, No. 98,547, 2008 WL 2426347 (Kan. App. 2008) (unpublished opinion). The *Hernandez* court interpreted statutes in the Act which grant ALJs and the Board the power to conduct discovery. The court noted, "[o]ur Supreme Court has broadly construed these statutes to envision procedures in a workers compensation case parallel to that permitted by our code of civil procedure and to position an ALJ in a workers compensation case as having the supervisory authority equivalent to a district judge." 2008 WL 2426347 at *3. In contrast to the statutes at issue in *Hernandez*, though, there are no statutes in the Act which grant the ALJ or the Board the power to approve a supersedeas bond. In fact, the Act gives this power to the district court. K.S.A. 44-530.

Lastly, as Gould points out, the Board alternatively held that it would not have approved the supersedeas bond even if it did have the authority to do so. Wright does not challenge this finding on appeal. Because Wright did not brief this issue, it has waived and abandoned any challenge to this finding. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

The Board has only those powers granted to it by statute. Based on their plain language, K.S.A. 44-530, K.S.A. 2016 Supp. 60-262(d), and K.S.A. 2016 Supp. 60-2103(d)(1) do not grant the Board the authority to approve a supersedeas bond. Wright

13

does not point to any other statute that grants the Board this power. Thus, the Board did not err in finding it did not have the power to approve a supersedeas bond.

Affirmed.

* * *

LEBEN, J., concurring: I join in the Court's opinion in all respects but one: I would not rely on the rule that "Parliament can do no wrong"—or even that the Kansas Legislature can do no wrong. Mistakes can be made in any human endeavor. Legislators, like judges, are not immune.

Here, Wright makes the argument that the legislature surely erred when it left approval of supersedeas bonds with the district court when it otherwise removed the district court from the appeals process for workers compensation cases. That might well be the case.

But the Legislature might have reasonably decided to leave the bond-approval process with the district court. That court approves bonds in many types of cases and has the legal expertise required to consider any argument that might be raised about the sufficiency of a bond. The Legislature might have preferred to have the district court, rather than the Workers Compensation Appeals Board, handle bond approval. In sum, there's a plausible reason for why the Legislature might have left bond approval to the district court. So there's neither a clear drafting (or scrivener's) error nor a statutory application so absurd that a court need consider reading the statute to mean something other than what its words plainly say.