NOT DESIGNATED FOR PUBLICATION

No. 120,540

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT TAYLOR GOULD,
*Appellee*,

v.

WRIGHT TREE SERVICE, INC.
and
ZURICH AMERICAN INSURANCE COMPANY,
*Appellants*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed June 19, 2020. Affirmed.

*Jennifer M. Hill* and *Brock J. Baxter*, of McDonald Tinker PA, of Wichita, for appellants.

*John G. O'Connor*, of Robb, Taylor & O'Connor, of Kansas City, for appellee.

Before BUSER, P.J., SCHROEDER and WARNER, JJ.

BUSER, J.: Robert Taylor Gould sustained serious injuries from an occupational accident in 2013. In 2015, Gould sought a workers compensation award against his employer, Wright Tree Service, Inc., and its insurance carrier, Zurich American Insurance Company (Wright). The Kansas Workers Compensation Board (Board) granted the award to Gould, but Wright did not pay the amount and, instead, appealed the award to the Kansas Court of Appeals. See *Gould v. Wright Tree Service Inc.*, No. 114,482, 2016 WL 2811983 (Kan. App. 2016) (unpublished opinion) (*Gould I*).

1

Invoking K.S.A. 44-512a, Gould filed a lawsuit in district court seeking to collect a money judgment based on the amount of past due medical expenses awarded by the Board. This lawsuit was filed after Wright failed to respond within 20 days to Gould's demand letter. At the time the lawsuit was filed, Wright had not paid these past due medical expenses.

After more than two years of litigation, the parties filed motions for summary judgment. When Wright filed its motion, it had paid two of Gould's medical providers and his health insurance carrier. As a result, the past due medical bills were no longer outstanding. The district court granted Gould summary judgment in the amount of $104,774.53 in past due medical expenses awarded by the Board but not paid in a timely manner. Wright appeals.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Robert Gould suffered serious injuries that arose out of and in the course of his employment with Wright. Gould sought workers compensation benefits from Wright. On March 12, 2015, the administrative law judge (ALJ) found Gould's injuries were not work related and denied compensation. Gould appealed the ruling, and on August 28, 2015, the Board reversed the ALJ's decision and issued an award in favor of Gould. The Board awarded Gould $11,250.83 in past due partial disability compensation and payment for medical expenses related to his accident which were incurred prior to the regular hearing.

On September 22, 2015, Wright filed a notice of appeal with our court. While this appeal was pending, on October 8, 2015, Gould served Wright with a 20-day demand letter seeking payment of the August 28, 2015 workers compensation award. In particular, the demand was for $11,250.83 in permanent partial disability payments and $106,886.98 in past due medical expenses. On October 15, 2015, Wright filed a motion

2

with the Board to stay the award. The Board denied the motion. On January 5, 2016, our court summarily denied Wright's motion to stay the award. About two years later, upon Wright's appeal, our court affirmed the denial of the stay and the denial of a supersedeas bond. *Gould v. Wright Tree Service Inc.*, No. 116,008, 2018 WL 1545789 (Kan. App. 2018) (unpublished opinion) (*Gould II*).

On January 11, 2016, Gould filed a petition pursuant to K.S.A. 44-512a(b) in the district court seeking a judgment against Wright to collect past due medical expenses awarded by the Board. It is undisputed that Wright had not paid the amount of the award at the time this lawsuit was filed. The petition was amended one month later.

Shortly thereafter, Gould also sought civil penalties in the workers compensation proceedings. On February 22, 2016, the ALJ awarded penalties to Gould based on Wright's failure to timely pay him the compensation awarded by the Board. The Board ruled that any attempt to stay proceedings did not invalidate the original award; therefore, the award was still owed by Wright and was past due beyond the 20 days permitted by statute. Consequently, the ALJ imposed statutory penalties of 10 percent of the past due amount.

On May 13, 2016, our court affirmed the Board's decision in the original workers compensation case, finding that Gould's injury was work related and upholding the Board's award of compensation. *Gould I*, 2016 WL 2811983.

After our court's adverse decision in the workers compensation case, on June 3, 2016, Wright issued three checks to Gould. The first check was for $11,250.83 in permanent partial disability compensation. The second check was for $10,688.69 in medical special payments. The third check was for $3,500 in permanent partial disability penalties. Wright did not tender payment to Gould, however, of the past due medical expenses of $106,886.98 awarded by the Board. During the ensuing district court

litigation, Wright made direct payments to two medical providers and then reimbursed Gould's health insurance provider, Humana, which had paid other medical providers.

On May 23, 2018, Gould filed a motion for summary judgment asking the district court to grant judgment against Wright in the amount of $106,886.98 for past due medical expenses that were not timely paid under K.S.A. 44-512a. Wright also filed a motion for summary judgment. In the motion, Wright acknowledged that an employer is liable for civil penalties if it fails to pay past due compensation within 20 days of receiving a demand letter under K.S.A. 44-512a(b). Wright interpreted this statute to mean that "past due amounts" are past due medical expenses that have not been paid to service providers and are still outstanding prior to any entry of judgment under K.S.A. 44-512a.

Wright claimed that summary judgment was proper because Gould had no outstanding or past due balances with any health care provider at the time it filed its summary judgment motion. Wright reasoned that it was not required to pay the award mandated by K.S.A. 44-512a before exhausting its appeals. Having exhausted its appeals, however, Wright promptly paid the remaining balances to the health care providers and reimbursed Gould's health insurance provider, Humana. As a result, Wright contended it did not owe Gould any amount in unpaid medical expenses and the judgment would simply constitute a windfall for Gould.

In response, Gould countered that any payments made to the service providers were not for the economic benefit of Gould and the ALJ award did not authorize Wright to pay the providers or Gould's health insurance carrier. Rather, the Board ordered Wright to pay Gould directly. Gould argued that Wright did not have the legal authority to pay the service providers directly.

After a hearing on the competing motions for summary judgment, the district court filed a journal entry of judgment. In this journal entry the district court made seven factual findings:

(1) On August 28, 2015, the Board awarded Gould benefits which included payment of medical expenses for his on-the-job injury.

(2) In postaward penalty proceedings, the correct amount of past due medical expenses owed to Gould was found by the ALJ, Board, and Kansas Court of Appeals to be $106,886.98.

(3) In postaward penalty proceedings, Gould was awarded a $1,500 penalty for the nonpayment of permanent partial disability compensation of $11,250.83 and a penalty of $10,688.69, representative of 10 percent of the medical bills awarded. The penalties were paid and are no longer part of the litigation.

(4) The only payments made by Wright to Gould's health care providers was a payment in the amount of $1,317.10 made to Lawrence Memorial Hospital and a payment of $795.35 made to Lawrence-Douglas County Fire Department, with both payments made in July 2016.

(5) The district court has no authority under K.S.A. 44-512a(b) to determine that the amount of medical expenses owed by Wright is a different figure than the $106,886.98 determined by the ALJ, Board, and the Kansas Court of Appeals.

(6) Gould concedes Wright is entitled to a $2,112.45 credit against its liability for medical expenses based on Wright's actual payments to health care providers, thus amending Gould's claim to $104,774.53.

(7) Wright is not entitled to a credit against its liability owing to their voluntary payment of $56,347.23 made to Humana, Gould's health insurer.

Based on these findings, the district court granted Gould's motion for summary judgment and denied Wright's motion for summary judgment. The district court found that Gould was entitled to judgment in the amount of $114,721.53, which was comprised

5

of $104,774.53 for past due medical expenses and $9,947 in attorney fees and costs. Wright filed a timely notice of appeal.

SUMMARY JUDGMENT

For the most part, the parties reprise the arguments they made in the district court. Wright acknowledges that after Gould filed his lawsuit in district court to collect on his workers compensation award, our court affirmed the Board's award from the workers compensation proceedings. After our opinion was filed but before the filing of Wright's summary judgment motion, Wright paid the remaining balances to two of Gould's medical providers and reimbursed his insurance carrier, Humana, for payments it made to medical providers. Based on these facts, Wright argues that the company satisfied the award owed to Gould before he filed his motion for summary judgment and the district court's adverse ruling.

Wright reasons that it simply exercised its right to exhaust all remedies under the Workers Compensation Act, and when it was unsuccessful on appeal, it complied with the award and compensated Gould by paying off his unpaid past due medical expenses. Because all of Gould's past due medical expenses were paid prior to Gould's filing of his motion for summary judgment, Wright contends that Gould's award for past due medical expenses is no longer "past due" within the meaning of K.S.A. 44-512a. Wright submits that because the award has been satisfied, the district court's entry of judgment for the amount of the award is reversible error.

On the other hand, Gould contends that under K.S.A. 44-512a Wright was required to pay Gould his award within 20 days of service of the demand letter requesting payment. Wright's failure to pay the amount of the award within 20 days allowed Gould to file a lawsuit in district court to obtain a money judgment in the amount of the Board's award, despite any appeal of the award. Gould argues that the plain language of K.S.A.

6

44-512a provides a workers compensation claimant with the right to collect a judgment for the amount of the unpaid medical compensation included in the Board's award. In Gould's view, the amount owed became "past due" at the time the Board entered the award.

Lastly, Gould argues that Wright may not be credited with any amounts it has paid to Humana in an untimely manner because K.S.A. 44-512a(b) mandates that the employee maintain the cause of action for the collection of the medical compensation, not that the employer reimburse the employee's health insurance carrier for payments made to the employee's medical providers.

Our standard of review provides:

"'"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied."' [Citation omitted.]" *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018).

When there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Martin v. Naik,* 297 Kan. 241, 246, 300 P.3d 625 (2013). In this case on appeal, there is general agreement regarding the undisputed material facts. Neither party disputes the amount of unpaid medical expenses awarded to Gould by the Board. The parties agree that Wright exhausted its appeals of the Board's adverse

7

decision, and the amount awarded to Gould for past medical expenses was affirmed by our court. The parties also agree that Wright did not pay the amount of the award within 20 days of Gould's demand letter and that the amount of unpaid medical expenses remained unpaid at the time Gould filed his K.S.A. 44-512a lawsuit in the district court. It is also uncontroverted that at the time Gould filed his motion for summary judgment, the medical expenses incurred for Gould's medical treatment relating to his work accident had been paid in full. Finally, the parties agree that the amount of past due medical expenses claimed by Gould for which the district court ordered judgment is $104,774.53.

While the material facts are not in dispute, the application of K.S.A. 44-512a to those facts is clearly in controversy. Since resolution of this issue involves interpretation of a statute, our appellate review is de novo. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

K.S.A. 44-512a provides:

"(a) In the event any compensation, including medical compensation, which has been awarded under the workers compensation act, is not paid when due to the person, firm or corporation entitled thereto, the employee shall be entitled to a civil penalty, to be set by the administrative law judge and assessed against the employer or insurance carrier liable for such compensation in an amount of not more than $100 per week for each week any disability compensation is past due and in an amount for each past due medical bill equal to the larger of either the sum of $25 or the sum equal to 10% of the amount which is past due on the medical bill, if: (1) Service of written demand for payment, setting forth with particularity the items of disability and medical compensation claimed to be unpaid and past due, has been made personally or by registered mail on the employer or insurance carrier liable for such compensation and its attorney of record; and (2) payment of such demand is thereafter refused or is not made within 20 days from the date of service of such demand.

"(b) *After the service of such written demand, if the payment of disability compensation or medical compensation set forth in the written demand is not made*

8

*within 20 days from the date of service of such written demand, plus any civil penalty, as provided in subsection (a), if such compensation was in fact past due, then all past due compensation and any such penalties shall become immediately due and payable.* Service of written demand shall be required only once after the final award. Subsequent failures to pay compensation, including medical compensation, shall entitle the employee to apply for the civil penalty without demand. *The employee may maintain an action in the district court of the county where the cause of action arose for the collection of such past due disability compensation and medical compensation, any civil penalties due under this section and reasonable attorney fees incurred in connection with the action.*" (Emphases added.)

The question is presented: What is the meaning of the statutory language, "The employee may maintain an action in the district court . . . for collection of such past due . . . medical compensation"?

To answer this question, we employ well-known rules of statutory construction. The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *Harsay v. University of Kansas*, 308 Kan. 1371, 1381, 430 P.3d 30 (2018). Towards that end, an appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). Finally, when a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Harsay*, 308 Kan. at 1381.

At the outset, it is apparent that "K.S.A. 44-512a(a) does not allow a claimant to demand payment of a compensation award, or seek a penalty for nonpayment of an award, *until payment has become due*." (Emphasis added.) *Aikens v. Gates Corp.*, 57 Kan. App. 2d 875, Syl. ¶ 4, 462 P.3d 189 (2020). Moreover, "[t]he right to an action

under K.S.A. 44-512a occurs when an award becomes the final award" of the Board. "This structure thus allows the Board to conduct its review, and alter any award accordingly, *before an employer's payment obligations begin*." (Emphasis added.) 57 Kan. App. 2d 875, Syl. ¶ 5. See K.S.A. 2019 Supp. 44-551(l)(1) ("[T]he board shall have authority to grant or refuse compensation, or to increase or diminish any award of compensation . . . .").

Here, Gould's award for medical expenses was due on August 28, 2015, when the Board reversed the ALJ's denial of compensation and awarded Gould payment for his unpaid medical expenses. After the Board's final award, unpaid medical compensation was past due for purposes of K.S.A. 44-512a.

It is uncontroverted that Gould complied with the procedural requirements of K.S.A. 44-512a by sending a demand letter to Wright on October 5, 2015. When Wright did not pay the award within 20 days, as required by statute, but attempted to obtain a stay while appealing the Board's ruling, Gould filed this lawsuit in district court seeking civil penalties and a judgment in order to collect on the award.

What effect, if any, did Wright's appeal of the award have on Gould's ability to prosecute a collection action to enforce the award in the district court? Kansas courts have held that an employer's time spent prosecuting an appeal of a workers compensation award does not render the award unenforceable during that time:  "The right to an action under K.S.A. 44-512a occurs when an award becomes the final award of the Board. An appeal of the award to the appellate courts does not stay the operation of the statute." *Acosta v. National Beef Packing Co.*, 273 Kan. 385, 398, 44 P.3d 330 (2002).

As a result, while Wright was appealing the Board's award, it was still subject to collection of the amount of the award as provided by K.S.A. 44-512a(b). In fact, Wright acknowledged in district court that it failed to make the payments within 20 days and that

10

Gould was rightfully entitled to civil penalties due to the delay in payment. At the hearing on the motions for summary judgment, Wright's counsel said, "That's his take home for being denied medical and being delayed medical."

Resolution of this appeal turns on whether Gould is still entitled to a judgment if Wright did not pay the award before Gould filed his collection lawsuit under K.S.A. 44-512a, but it paid the past due medical expenses prior to the filing of Gould's summary judgment motion and entry of the adverse summary judgment order. Wright argues it satisfied the award by paying two medical providers directly and reimbursing Humana for payments made to other medical providers, once Wright exhausted the appeals process.

Kansas caselaw supports Gould's position that he was entitled to collect the judgment despite Wright's untimely payment of the unpaid medical expenses. "The overriding purpose of the Workers' Compensation Act is to secure prompt payment to injured employees of the benefits provided for under its terms." *Hatfield v. Wal-Mart Stores, Inc.*, 14 Kan. App. 2d 193, 196-97, 786 P.2d 618 (1990). K.S.A. 44-512a implements this overriding purpose by providing procedures to secure prompt payment for injured employees awarded compensation under the Act. As our Supreme Court held almost 50 years ago: "Use of this statute, in our opinion, is the means by which the legislature intended all compensation due and payable *should be enforced, including that which is due pending appeal*." (Emphasis added.) *Kissick v. Salina Mfg. Co.*, 204 Kan. 849, 856, 466 P.2d 344 (1970).

Our Supreme Court's opinion in *Acosta* provides valuable precedent in resolving this appeal. See 273 Kan. 385. Highly summarized, in *Acosta*, Victoria Acosta, an employee of National Beef Packing Company (NBP) brought a workers compensation claim against NBP after an employment injury. The ALJ awarded Acosta $57,936.72, which constituted temporary total and permanent partial general disability compensation.

11

NBP appealed the award to the Board, which affirmed the ALJ's ruling. There was no appeal of the Board's decision.

Shortly thereafter, Acosta, complying with the provisions of K.S.A. 44-512a sent NBP a demand letter for the entire amount due. NBP failed to make the payment within 20 days of the demand but it filed an application for review and modification of the final workers compensation award. See K.S.A. 44-528. The ALJ declined to grant relief finding there was no jurisdiction. Both Acosta and NBP appealed to the Board.

Meanwhile, invoking K.S.A. 44-512a(b) Acosta filed a lawsuit in the district court to collect the past due compensation awarded by the Board.

Three months later, in the workers compensation case, the Board reversed the ALJ and remanded the case for the ALJ to consider fraud or serious misconduct by Acosta. Upon remand, the ALJ found fraud and serious misconduct relating to Acosta's claim and modified the Board's prior award by dismissing the case and ruling that the original award was void ab initio. On appeal, the Board affirmed in part and reversed in part the ALJ's ruling, finding that because Acosta refused to testify about material and relevant facts, the original award was obtained either fraudulently or through serious misconduct. The Board set aside the award, declared it void ab initio, and ordered that Acosta should not receive an award "'until . . . she is forthright and an award can be entered in a just amount based upon the facts.'" 273 Kan at 391.

In the interim, both parties moved for summary judgment on Gould's K.S.A. 44-512a(b) lawsuit to collect on the original award. The district court concluded, however, that it did not have jurisdiction and sought appellate court assistance in answering this question:

12

"'Whether the parties to a workers compensation action may bring, and a district court has jurisdiction to hear, an action under K.S.A. 44-512a when, at the same time, a motion for review and modification, brought under K.S.A. 44-528, to modify the award upon which the K.S.A. 44-512a action is based is pending in the underlying workers compensation case?'" 273 Kan at 392.

Our court declined the interlocutory appeal. Subsequently, the district court answered its own question in the affirmative, granting Acosta's motion for summary judgment and entering judgment in favor of Acosta and against NBP for $57,936.72. NBP and its insurance carrier appealed from the district court's adverse summary judgment ruling in favor of Acosta.

In upholding the district court's entry of summary judgment in favor of Acosta, our Supreme Court provided the following detailed analysis of the application of K.S.A. 44-512a to an underlying workers compensation proceeding:

"[T]he Board awarded the claimant $57,936.72, due from the date of the accident. At that point, the claimant had a right to that sum. Appellants did not pay that sum and the claimant issued a demand letter pursuant to K.S.A. 44-512a. There is no dispute concerning the validity of the demand made. The 20 days provided for in the statute elapsed without payment from the appellants. Upon the elapse of that 20-day period, the past due amount payable to *the plaintiff became immediately due and payable, and the claimant had the right to enforce this award in the district court. At that point, the K.S.A. 44-512a proceeding superseded the original award from the Board and made moot any proceedings with regard to that amount past due. As a result, the fact the award was later set aside on appeal and modification does not matter. The failure of the appellants to pay the amount due gave the claimant rights as to that amount from the expiration of the 20 days following the demand under K.S.A. 44-512a.*" (Emphasis added.) 273 Kan. at 399.

*Acosta* noted the statute is remedial in nature and "the employer has the choice of protecting his or her vested rights by merely complying with the terms and requirements

13

of the award until it is set aside, modified, paid, or redeemed, or to permit the worker to invoke the statute." 273 Kan. at 398.

On appeal, Wright makes only a passing reference to *Acosta*, asserting it is distinguishable because "*Acosta* was solely a dispute over unpaid disability benefits—it had nothing to do with unpaid medical expenses." While true, this is a distinction without a difference. K.S.A. 44-512a relates to "*any compensation*, including medical compensation, which has been awarded under the workers compensation act" that is not paid when due. (Emphasis added.) As our Supreme Court emphasized in *Acosta*, K.S.A. 44-512a "applies to *all awards and judgments without qualification*." (Emphasis added.) 273 Kan. at 398-99.

Wright also argues that unlike the present case on appeal where it ultimately paid Gould's past due medical expenses 7 to 10 months after the expiration of the 20-day grace period provided in Gould's demand letter, in *Acosta*, no payments were made to the employee during the litigation. But this misses the point of *Acosta*: "The only question to be considered in the action is whether the respondent has *failed to pay amounts past due within 20 days of a proper demand* pursuant to K.S.A. 44-512a." (Emphasis added.) 273 Kan. 385, Syl. ¶ 13. In *Acosta* and the case on appeal, the employer failed to comply with the statute's directive to make timely payment of compensation to the injured employee. Under either circumstance, the employer failed to comply with the mandate of K.S.A. 44-512a. And implementation of the statutory mandate is important because "[e]nforcement of the award encourages the employer and insurer *to actually pay the award when it becomes due* in order to retain their rights, in accordance with the declared public policy of the State of Kansas." (Emphasis added.) 273 Kan. at 400.

Wright cites *Hatfield* in support of its position. In summary, Diene Hatfield was injured while working for Wal-Mart. Wal-Mart was dilatory in paying past due workers compensation awarded to Hatfield. After sending a demand letter to Wal-Mart and

receiving no reply within the 20-day time period, Hatfield's guardian sought civil penalties from the ALJ. After Wal-Mart did not pay the unpaid medical expenses, civil penalties, and attorney fees, Hatfield's guardian filed a lawsuit in district court pursuant to K.S.A. 44-512a(b) seeking relief. At trial, it was stipulated that two payments made about the time the lawsuit was filed were not received by the guardian prior to the filing of the petition. The district court subsequently found that more than $30,000 in compensation had been paid by Wal-Mart after the filing of the lawsuit. As our court summarized the matter: "The sole issue at the trial on October 28, 1988, was the amount of attorney fees to be awarded the guardian." 14 Kan. App. 2d at 195.

Wright argues:

"As was the case in *Hatfield*, all amounts due to Gould and his medical providers have been paid. Though the bills were not paid until after Gould filed this lawsuit, they were paid in full literally years before the district court entered judgment to Gould. . . . [I]n accordance with [the] *Hatfield* decision, this Court should enter judgment for the Appellants, determining that no further award is due and owing to Gould."

*Hatfield* provides scant support for Wright's argument. First, *Hatfield* only dealt with the proper calculation of attorney fees in a lawsuit brought under K.S.A. 44-512a(b). Second, Hatfield's guardian simply accepted the late payments from Wal-Mart and did not litigate the matter further, except in the context of the amount of attorney fees. In this way, Hatfield's guardian did not present the litigation position taken by Gould in this case—which is to demand full compensation that was not timely made and litigate the issue. As a result, the district court and our court in *Hatfield* were not called upon to render conclusions of law that are sought by Gould in this appeal.

A caveat: In this case Gould did not seek judgment for late direct payments by Wright to two medical providers totaling $2,112.45. Instead, Gould opted to pursue the other past due medical expenses amounting to $104,774.53—the balance of the amount

approved by the Board—that were satisfied by Wright's reimbursement of $56,347.23 to Humana (which obviously paid the providers at a discounted rate). Importantly, however, at the hearing on the summary judgment motions, Gould argued that despite his voluntary withdrawal of the request for collection of the $2,112.45 directly paid by Wright, the operation of K.S.A. 44-512a would have still allowed for collection of that sum.

On a related matter, Wright cites to various decisions issued by the Board for support of the proposition that an award may be satisfied by the employer paying medical providers instead of the employee directly. See *Morse v. Sunshine Biscuits, Inc. and Transportation Insurance Co.*, No. 228,888, 2000 WL 1929338, at *1 (Kan. Work. Comp. App. Bd. December 22, 2000). Wright argues that "Gould is not entitled to direct payment of his medical expenses because at the time of the argument before the district court, his employer had already paid his providers or personal health insurance carrier with direct payment or reimbursement."

Gould counters that "none of the Board cases cited has anything to do with K.S.A. 44-512a(b) or a District Court's authority under that statute to grant a civil judgment to enforce a workers' compensation award."

We think Gould has the better argument. The Board's decisions cited by Wright do not discuss the legal effect of K.S.A. 44-512a(b), because none of those decisions involved an employer's failure to pay unpaid medical expenses within 20 days after service of the employee's demand letter. Wright or its insurer did not pay Gould, Gould's medical providers, or Gould's health insurance carrier the unpaid medical expenses totaling $106,886.98 within 20 days of the service of Gould's demand letter. Timely payment of the unpaid medical expenses was required under K.S.A. 44-512a. Given that no payment was made in a timely manner, the source of those late payments is not at issue.

16

In summary, Wright failed to compensate Gould for his unpaid medical expenses in a timely manner. Wright's failure to do so allowed Gould to enforce the past due award by invoking K.S.A. 44-512a and obtaining a money judgment against Wright in the district court. Accordingly, the district court did not err in granting summary judgment for Gould in the amount of $114,721.53.

Finally, citing K.S.A. 44-510i(e), Wright asserts that it is only liable to pay Gould's medical expenses up to the amount allowable by the Kansas fee schedule. Wright argues that "the evidence proves Appellants satisfied their obligation to pay medical expenses in accordance with the [f]ee schedule." Wright's claim that it ultimately paid the past due medical expenses in accordance with the fee schedule may be true. But it is irrelevant to the district court's application of K.S.A. 44-512a in granting summary judgment to Gould for the past due medical expenses that Wright did not pay within 20 days of service of Gould's demand letter.

In conclusion, Gould followed the statutory procedure set forth in K.S.A. 44-512a by serving his demand letter for unpaid medical expenses on Wright. Upon the expiration of 20 days, Gould was entitled to seek civil penalties and enforce the workers compensation award in the district court. For its part, upon receipt of the demand letter, Wright had the choice of making a timely payment or having Gould invoke the enforcement provisions of the statute. Wright chose the latter course of action.

As a result, "[t]he only question to be considered in the action is whether the respondent has failed to pay amounts past due within 20 days of a proper demand pursuant to K.S.A. 44-512a." *Acosta*, 273 Kan. 385, Syl. ¶ 13. We hold the district court correctly applied the plain language of K.S.A. 44-512a and did not err in granting summary judgment in favor of Gould.

Affirmed.